| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2:10-cv-06088-DRD-MAS<br><br>Honorable Dickinson R. Debevoise, U.S.D.J.<br><br>Honorable Michael A. Shipp, U.S.M.J.<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO SEAL MATERIALS** |

Chicago Title seeks to seal a portion of the file (ostensibly) in order to prevent "incalculable and irreparable harm to Dare's business interests". Motion at 2. While Dare appreciates Chicago Title's concern for Dare's business interests, Dare does not wish the file materials sealed. Dare further posits that Chicago Title does not have standing to request a closure of the file on behalf of Dare.

It is well established that there is a "common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). This is consistent with well-established precedent, based on First Amendment considerations and the common law right of access to judicial records,

that documents filed with the court and judicial proceedings are open to the public. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); FTC v. Lane Labs-USA, Inc., No. 00-3174, 2007 U.S. Dist. LEXIS 6430, at *2 (D.N.J. Jan. 30, 2007). In order to overcome this presumption of a public right of access, the movant must demonstrate that "good cause" exists for the protection of the material at issue. Securimetrics, Inc. v. Indian Techs., Inc., No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). A Motion to Seal can be granted when the movant proves that the information is confidential in nature and that allowing the general public to access the information will cause a specific and serious injury. Pansy, 23 F.3d at 788. The claimed injury must be specifically stated because "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. at 786 (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986)).

Here, Chicago Title offers no evidence that the "information is confidential in nature" nor does it show any "clearly defined and serious injury to the party seeking closure". Pansy, supra.  Chicago Title offers no more than "'[b]road allegations of harm, unsubstantiated by specific examples or articulated

reasoning,'" Id. Therefore, Chicago Title's Motion does not "support a good cause showing."

Current litigation has garnered public interest; public has the right to know how an insurer treats its insured so that the public may conduct its business with title companies accordingly.

For the foregoing reasons Dare Investments respectfully requests that Chicago Title's Motion to Seal be denied in its entirety.

RESPECTFULLY SUBMITTED this 4th day of March 2011.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik, Esq.,
Attorney *pro hac vice* (pending) for Plaintiff
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Phone: 602-524-6602
Arizona Bar No. 6464
*Application Pro Hac Vice Pending*
Attorney for Plaintiff Dare Investments, LLC