| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise,<br><br>　　　　　Defendants. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 2:10-cv-06088-DRD-MAS<br><br>**Honorable Dickinson R. Debevoise** |

# BRIEF OF PLAINTIFF DARE INVESTMENTS LLC IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE RULING RELATING TO "REASONABLE EXPECTATIONS"

　　　　　　　　　　　　　　　　　**STROJNIK, P.C.**
　　　　　　　　　　　　　　　　　2415 East Camelback Road, Suite 700
　　　　　　　　　　　　　　　　　Phoenix, Arizona 85016
　　　　　　　　　　　　　　　　　Phone: 602-524-6602
　　　　　　　　　　　　　　　　　Arizona Bar No. 6464
　　　　　　　　　　　　　　　　　Attorney for Plaintiff Dare Investments, LLC

Co-Counsel:
Christopher Humphreys, Esq.

# **INDEX**

| Section | Page |

INDEX………………………………………………………………………….. …ii

TABLE OF AUTHORITIES…………………………………………………… …iii

I. FOREWORD……………………………………………………………….…1

II. STANDARD OF REVIEW……………………………………………......…2

III. THE DOCTRINE OF REASONABLE EXPECTATIONS IS A DOCTRINE OF INTERPRETATION OF AMBIGUOUS INSURANCE CONTRACTS…………………………………...............…2

IV. APPLICATION OF THE DOCTRINE TO THIS CASE…………………...…5

V. PASSAIC VALLEY AND VILLA CONFIRM THAT ZACARIAS DID NOT MODIFY DI ORIO……………………………………………..…7

VI. CONCLUSION, PRAYER FOR RELIEF AND NON-WAIVER……... …8

# TABLE OF AUTHORITIES

**Cases** **Page**

Di Orio v. New Jersey Manufacturers Insurance Co., 79 N.J. 257 (1979)… 2, 3, 4, 5, 6, 7

Ivan v. Cnty. of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2009)………3

Max's Seafood Cafe by Lou-Ann, Inc. v. Max Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)……………………………………………………. 3

Passaic Valley Sewerage Commissioners v. St. Paul Fire & Marine Ins. Co. A-9706579 (N.J., 2011)………………………………………….. 1, 2, 3, 7

Villa v. Short, 195 N.J. 15 (N.J., 2008)…………………………………..2, 4, 5, 6, 7, 8

Zacarias v. Allstate Ins. Co., 168 N.J. 590 (2001)…………………………..1, 2, 4, 7, 8

**Other Authorities**

L. Civ. R. 7.1…………………………………………………………….. 2

## I. FOREWORD

In their briefs on Chicago Title's Motion to Dismiss, neither party argued that the Policy in issue was ambiguous. Particularly, neither party addressed the effect of ambiguity on coverage. Both parties claimed that the Policy is unambiguous as written.

The Court disagreed. The Court found that "the exclusionary provisions in the title policy under which Chicago disclaims coverage are ambiguous". See June 29, 2011 Opinion (Doc 45, hereafter "Opinion") at 2-3. Although the Court expressly found ambiguity, it did not resolve the ambiguity against Chicago Title and in favor of Dare. Relying on Zacarias v. Allstate Ins. Co., 168 N.J. 590, 592 (2001) ("Zacarias"), the Court concluded that "Dare's reasonable expectations … remain unclear" and declined to enter judgment in Dare's favor.

At the time of its Opinion, the Court did not have the benefit of Parties' briefs on the effect of ambiguity on coverage. Likewise, the Court did not have the benefit of the June 21, 2011, New Jersey Supreme Court decision in Passaic Valley Sewerage Commissioners v. St. Paul Fire & Marine Ins. Co. A-9706579 (N.J., 2011) ("Passaic Valley"). There, the New Jersey Supreme Court explained that ambiguous insurance contracts must be construed against the insurer *in order to give effect to* insured's reasonable expectations:

> If the terms [of a policy] are not clear, but instead are ambiguous, we construe them against the insurer and in favor of the insured to give effect to the insured's reasonable expectations. Id. at 16.

The term "insured's reasonable expectations" simply means that the "average policy holder" [1] would interpret the ambiguity in favor of coverage. Passaic Valley, read in conjunction with Zacarias, supra; Di Orio v. New Jersey Manufacturers Insurance Co., 79 N.J. 257, 269, (1979) ("Di Orio") and Villa v. Short, 195 N.J. 15, 23 (N.J., 2008) ("Villa") (all Supreme Court decisions), shows that the term "insured's reasonable expectation" is a rule of judicial interpretation based on an "average policy holder", not the policy holder before the Court. Zacarias, supra; Di Orio, supra. The doctrine of reasonable expectation states that if the ambiguous policy language fairly supports two meanings, one that denies coverage and the other that sustains coverage, the policy must be construed to sustain coverage. Villa, supra. Therefore, the entry of judgment in Dare's favor is warranted "to give effect to the [Dare's] reasonable expectations". Passaic Valley, supra.

## II.    STANDARD OF REVIEW

L. Civ. R. 7.1 governs Motions for Reconsideration. Dare's burden of proof is to establish one of the following: "(1) an intervening change in the controlling

---

[1] The "average policy holder" designation is reminiscent of the "reasonable man" standard. Both the "average policy holder" and the "reasonable man" are creatures of judicial creation; they are not the persons or parties standing before the court.

law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest justice." See  Max's Seafood Cafe by Lou-Ann, Inc. v. Max Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration will be granted where "dispositive factual matters or controlling decisions of law" were previously presented to but not considered by the court. Ivan v. Cnty. of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2009)

Dare seeks reconsideration because at the time of the Opinion, the Court did not have the benefit of the June 21, 2011, the New Jersey Supreme Court decision confirmed that where ambiguity is found, it must be construed against the insurer in order "to give effect to the insured's reasonable expectations". Passaic Valley, supra.  Dare also seeks reconsideration of the Court's Opinion because the Court raised the issues of ambiguity, construction against the insurer and reasonable expectations *sua sponte*, thus depriving Dare and Chicago Title from  presenting briefs on these issues.  Additionally, under New Jersey Supreme Court precedent, "insured's reasonable expectations" standard is based on the "average policy holder", not the particular policyholder before the Court. Di Orio, supra. A contrary conclusion is a clear error of law. Moreover, the doctrine of  insured's reasonable expectation requires interpretation of the ambiguous exclusionary terms in favor of Dare as a matter of law. Passaic Valley, supra. A contrary conclusion is

also a clear error of law. Lastly, it would be manifestly unjust to require Dare to engage in a prolonged and expensive discovery over its own "reasonable expectations" when the standard of reasonable expectations is based on an "average" policyholder's interpretation and not on Dare's own interpretation.

### III. THE DOCTRINE OF REASONABLE EXPECTATIONS IS A DOCTRINE OF INTERPRETATION OF AMBIGUOUS INSURANCE CONTRACTS

The doctrine of reasonable expectations is a "fundamental rule of interpretation" of insurance policies. Zacarias, supra, 168 N.J. at 592. Interpretation of ambiguous insurance contracts is a question of law for the courts. Passaic Valley.

The New Jersey Supreme Court explained the doctrine of reasonable expectations in Di Orio, 79 N.J. at 269:

> An insured's 'reasonable expectations' are circumscribed by genuine ambiguities and misleading terms and conditions of insurance contracts but **an objectively reasonable interpretation of the average policy holder is accepted so far as the language of the insurance contract will permit**. Id. (emphasis added)

The New Jersey Supreme Court in Villa clarified further, 195 N.J. at 23:

> … if the policy language is ambiguous, we construe the language to "comport with the reasonable expectations of the insured." Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595, 775 A.2d 1262 (2001). That is, **if the policy language "fairly supports two meanings, one that favors the insurer, and the other that favors the insured, the policy should be construed to sustain coverage."** (citation omitted). (Emphasis supplied)

- 4 -

The doctrine of reasonable expectations simply holds that if the "average policy holder" could reasonably expect "the language of the insurance contract" to provide coverage, then his expectation of coverage becomes "insured's reasonable expectation". Di Orio, supra. Stated differently, if the policy language fairly supports two meanings, then the meaning favoring the insured will be accepted to sustain coverage. Villa, supra. The court asks whether the "average policy holder" could interpret the ambiguous language to provide coverage. If so, then the average policyholder's expectation of coverage is "insured's reasonable expectation". Di Orio, supra; Villa, supra.

### IV. APPLICATION OF THE DOCTRINE TO THIS CASE

Here, the Court succinctly summarized the parties' positions:

> Chicago argues that it did not breach the terms of the title policy because Dare's claim for coverage under the policy is barred by Exclusion 3(a) and Item 7. Dare contends that those exclusions do not apply to its claim for coverage. Dare further contends that it is clearly entitled to coverage under Item 8 and Item 9 of the title policy and thus seeks summary judgment in favor of its breach of contract claim for Chicago's failure to provide coverage.

Opinion at 18-19. The Court expressly found that these Policy exclusions were ambiguous. ("[T]he exclusionary provisions in the title policy under which Chicago Title disclaims coverage are ambiguous". Opinion at 2-3; "Exclusion 3(a) remains ambiguous in the context of the broader title policy" Id. at 20; "Item 7 is rendered ambiguous when read in conjunction with Item 8 and Item 9." Id. at 21.)

Once the Court found the exclusionary provisions ambiguous, it had to determine whether the ambiguity could "fairly supports two meanings, one that favors the insurer, and the other that favors the insured". <u>Villa</u>, supra, 195 N.J. at 23. The Court specifically found that that the Policy is "unclear", i.e., ambiguous, "whether the parties intended the title policy to bar coverage for the Moccos' claim against the Sayreville Mortgage":

> Nor can the Court, at this time, find that Dare assumed or agreed to that claim under that exclusion. The intent of Exclusion 3(a) remains ambiguous in the context of the broader title policy. While it could be construed to bar coverage because Dare had full knowledge of the prior litigation surrounding the Sayreville Property and the Moccos' position that the Sayreville Mortgage had been paid off, Item 8 specifically excepts the Moccos' position regarding the Sayreville Mortgage as a bar to coverage with respect to the disclaimer under Exclusion 3(b), and the logic behind excepting that position with respect to Exclusion 3(b), but not Exclusion 3(a), remains unclear. Moreover, at the same time as the policy acknowledges the Mocco's position that the Sayreville Mortgage has been paid off, Item 9 verifies that $15 million was due on the Sayreville Mortgage as of the policy date. **Thus, from these provisions, it is unclear whether the parties intended the title policy to bar coverage for the Moccos' claim against the Sayreville Mortgage.** (emphasis supplied) (Opinion at 20-21)

The above language acknowledges that the ambiguity permits construction in favor of coverage. <u>It is this permissible construction in favor of coverage that the New Jersey Supreme Court refers to as "insured's reasonable expectations".</u> <u>Di Orio</u>, supra; <u>Villa</u>, supra. Finally, the reason *why* the ambiguity must be construed

in favor of coverage is "to give effect to the insured's reasonable expectations". Passaic Valley, supra, at 16 (emphasis supplied).

## V. PASSAIC VALLEY AND VILLA CONFIRM THAT ZACARIAS DID NOT MODIFY DI ORIO

The Court based its decision, in part, on the language in Zacarias, 168 N.J. at 594, quoting, "[w]hen there is ambiguity in an insurance contract, courts interpret the contract to comport with the [objectively] reasonable expectations of the insured, even if a close reading of the written texts reveals a contrary meaning." Opinion at 19.

The insured in Zacarias claimed that the policy was ambiguous because the declarations page, definitions and exclusions were presented separately. The Court held that "an insurance contract is not per se ambiguous because its declarations sheet, definition section, and exclusion provisions are separately presented". Id., 168 N.J. at 596. The Court in Zacarias found no ambiguity and rendered decision in favor of the insurer.

The Zacarias language represents a departure from the language used previously by the Supreme Court in Di Orio. The Zacarias Court was sufficiently concerned with the potential for misunderstanding that it expressly addressed the continued validity of Di Orio and the doctrine of "reasonable expectations": :

> Our holding today should not be construed as a lessening of protections for insureds. **The doctrine of reasonable expectations remains unchanged**.

> Insurance contracts are complex instruments. They are issued to assist individuals to plan rationally for the unforeseen challenges of an unpredictable future. For such transactions to be sustainable, both sides must be able to rely on the plain meaning of the contracts into which they respectively enter. Courts should construe insurance policies against the insurer, consistent with the reasonable expectations of insureds, when those policies are overly complicated, unclear, or written as a trap for the unguarded consumer….

In the 2008 <u>Villa</u> decision, the Supreme Court again confirmed that the insured's reasonable expectation is proven where the ambiguous policy "fairly supports two meanings, one that favors the insurer, and the other that favors the insured". <u>Id</u>., 195 N.J. at 23. And lastly, in <u>Passaic Valley</u>", the Supreme Court affirmed that the construction against the insurer is mandated "<u>to give effect to</u> the insured's reasonable expectations". <u>Id.</u> at 16. (Emphasis supplied)

## VI.   CONCLUSION, PRAYER FOR RELIEF AND NON-WAIVER

The doctrine of insured's reasonable expectations simply means that the average policyholder's interpretation of an ambiguous provision must be given effect if his interpretation is fairly supported. The average policyholder's interpretation is fairly supported if the ambiguity supports two meanings, one that favors the insurer, and the other that favors the insured. If the average policyholder's interpretation represents one of two possible meanings, it will be enforced in order to give effect to insured's reasonable expectations. Insured's interpretation prevails not because the particular insured before the court had a

- 8 -

particular expectation of coverage, but because an "average policy holder" could reasonably understand the ambiguity to provide coverage.

Here, the Court found that the policy provisions regarding coverage over Mocco's claims were ambiguous. An "average policy holder" could reasonably conclude, as did the Court here, that Mocco claims were covered. Therefore, Dare is entitled to judgment on the Policy as a matter of law, and requests the Court to so order.

By addressing only the breach of contract claim, undersigned counsel is constrained to disclose that Dare does not waive any other claim of perceived error either at the trial court level or on appeal.

RESPECTFULLY SUBMITTED this 6th day of July 2011.

By: s/ Christopher C. Humphrey

Christopher C. Humphrey (CH 9551)
HUMPHREY LAW, LLC
43 Lothrop Lane
P.O. Box 608
Cohasset, Massachusetts 02025
Telephone: 908-472-8999
E-Mail: chumphreylaw@gmail.com
Local Counsel for Plaintiff