Christopher C. Humphrey (CH 9551)
**HUMPHREY LAW, LLC**
7 Lothrop Lane
P.O. Box 608
Cohasset, Massachusetts 02025
Telephone: 908-472-8999
E-Mail: chumphreylaw@gmail.com
Local Counsel for Plaintiff

Peter Strojnik (AZBar6464)
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: Strojnik@aol.com
Attorney for Plaintiff

Peter K. Strojnik (AzBar026082- CABar 242728)
**THE STROJNIK FIRM LLC**
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: 602-510-9409
e-mail: Strojnik@skplaw.com
Attorney for Plaintiff

- 2 -

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; <br><br> Defendants. | NO. 2:10-cv-06088-DRD-MAS <br><br> **Civil Action** <br><br> **FIRST AMENDED COMPLAINT AND JURY DEMAND** |

- 2 -

# INDEX

| Section | Page |
|---|---|
| INDEX……………………………………………………………...... | …3 |
| PREFATORY STATEMENT…………………………………………….. | …4 |
| THE PARTIES, JURISDICTION AND VENUE……………………………..… | 5 |
| GENERAL ALLEGATIONS…………………………………………………… | 6 |
|     COUNT ONE – Breach of Contract………………………………… | …7 |
| REQUEST FOR A TRIAL BY JURY……………………………………..… | 8 |

## PREFARATORY STATEMENT

Plaintiff submits the within First Amended Complaint in order to reflect the Court's Ruling dated June 29, 2011 (Doc 45) in which the Court dismissed all causes of action other than the cause of action for breach of contract. By submitting this First Amended Complaint, Plaintiff does not waive any of its rights, including the right to appeal, the June 29, 2011 (or any other) ruling; instead, Plaintiff submits this First Amended Complaint for the sole purpose of clarifying the remaining issues in light of the Court's June 29, 2011Ruling.

## **THE PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Dare Investments, LLC ("Dare Investments") is a Utah limited liability company.

2. Defendant Chicago Title Insurance Company ("Chicago Title") is a Missouri corporation in the business of investigating, reviewing and insuring titles to real property interests in various jurisdictions in the United States. Chicago Title maintains agent(s) in the State of New Jersey, including Horizon Title Insurance Agency, Inc. ("Horizon Title") who is a New Jersey domiciled corporation and Chicago Title's agent.

3. The amount of controversy exceeds $75,000.00.

4. The United States District Court of the State of New Jersey has jurisdiction over this matter by virtue of 28 U.S.C. § 1331 (federal question) 28 U.S.C. § 1367 (pendent state law claims) and 28 U.S.C. §1332 (diversity of citizenship).

5. Venue is proper pursuant to 28 U.S.C. 1391 for the reason that Chicago Title is subject to personal jurisdiction in this District and Chicago Title caused the events which form the subject matter of this Complaint to occur in New Jersey.

## GENERAL ALLEGATIONS

6. In or about 2002, First Connecticut Consulting Group., Inc. filed for the protection of the United States Bankruptcy Code, Chapter 11, in the United States Bankruptcy Court for the District of Connecticut under cause number 02-50852-AHWS ("FCCG Bankruptcy").

7. In 2005 and again in 2006, SWJ Holdings, LLC ("SWJ"), entered into purchase agreements for the purchase of the FCCG Bankruptcy Assets.

8. The 2005 attempted purchase of the FCCG Bankruptcy Assets was not consummated when SWJ became unable to pay pursuant to the terms of the purchase agreement.

9. In the 2006 transaction, SWJ borrowed $5 million from Plaintiff Dare Investments in exchange for a $12 million Note, fully secured by the Bankruptcy Assets (the "Loan").

10. One of the bankruptcy assets securing the $12 million Note was a mortgage commonly referred to as the Sayreville Mortgage.

11. Plaintiff insisted that a reputable title insurer insure its collateral interest in the Sayreville Mortgage as a condition of the Loan. The reason for Plaintiff's demand for insurance was that the owners of the Sayreville property, Peter and Lorraine Mocco, were making a claim that the Mortgage had been paid off and that it was otherwise invalid.

12. SWJ assisted Plaintiff in obtaining title insurance for the Sayreville Mortgage from Defendant Chicago Title through Chicago Title's agent, Horizon Title.

13. Chicago Title, through Horizon Title, issued a policy of insurance in the amount of $5.5 million. A copy of said Title Policy is appended hereto as Exhibit 1 and all its terms and conditions are hereby incorporated herein.

14. Both Plaintiff Dare Investments and Defendant Chicago Title, through its agent Horizon Title, were aware that the Moccos were making a claim that the Sayreville Mortgage had been paid off and was otherwise invalid prior to the issuance of the Policy.

15. The Policy specifically addressed the Mocco claims, and specifically provided coverage over Mocco claims by excluding Mocco claims from Exclusions:

> 8. EXCLUSIONS FROM COVERAGE, ITEM #3b as set forth on the policy cover jacket to accompany said Final Title Policy, hereunder:
>
> Same will be omitted only as specific to the said "Mocco"/"Scarpone" claims and positions challenging positions in and to said mortgage hereunder as per letter of February 23, 2006 from James A. Scarpone, Esq. to Alan J. Brady, Esq., et als.

## COUNT ONE
**(Breach of Contract)**

16. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

17. In 2007, Dare Investments was sued by the owner of the Sayerville Property, Mr. Mocco, to quiet title. Chicago Title, through counsel Michael O'Donnell of the Riker, Danzig, Sherer, Hyland, Pirretti, LLP lawfirm, and as agent for

Chicago Title, denied defense and indemnification, claiming that the Dare Investments Policy provided no coverage. Exhibit 2.

18. Chicago Title's refusal to provide defense and indemnity is a breach of the Policy.

19. Plaintiff has been damaged by Chicago Title's Breach of its duty to provide a defense and to indemnify by incurring costs and attorney's fees, and other damages the scope of which shall be determined at the time of trial.

20. On November 2, 2010, Plaintiff made another demand on Chicago Title to indemnify Plaintiff for the losses sustained as a direct result of the unmarketability of the Sayerville Mortgage and assignments, but Chicago Title again refused.

21. Chicago Title further breached the Dare Investments Policy in two ways: By failing to provide a defense and by failing to indemnify.

WHEREFORE, Plaintiff prays for judgment against Chicago Title as follows:

A. For breach of contract damages and for the costs of defense (including attorney's fees pursuant to NJ Statutes and R. 4:42-9(a)(6)), loss of time, loss of business incurred as a result of Chicago Title's unjustified refusal to defend in an amount to be proven at trial; and

B.  For breach of the duty to pay pursuant to the terms of the Policy in the amount of $5,500,000.00; and

C.  For pre-and post judgment interest at the highest legal rate; and

D.  For such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

RESPECTFULLY SUBMITTED this 17th day of November, 2011.

**STROJNIK, P.C.**

_____
Peter Strojnik, Esq.
Attorney for Plaintiff