RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
Attorneys for Defendants Chicago Title
Insurance Company
Federal Bar No.: MO-7088

| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Case Action No.2:10-CV-06088(DRD)(MAS)<br><br>**MICHAEL R. O'ODONNELL'S CERTIFICATION IN SUPPORT OF CHICAGO TITLE INSURANCE COMPANY'S MOTION FOR REVOCATION OF <u>PRO HAC VICE</u> ADMISSIONS AND DISQUALIFICATION OF COUNSEL**<br><br>**MOTION RETURN DATE: JANUARY 17, 2012** |

I, MICHAEL R. O'DONNELL, hereby certify as follows:

1. I am an attorney-at-law admitted to practice in the United States District Court for the District of New Jersey and am a partner of the law firm of Riker, Danzig, Scherer, Hyland & Perretti LLP, attorneys for Chicago Title Insurance Company ("Chicago Title") in the above-referenced matter. As such, I am fully familiar with the facts stated herein based upon personal knowledge and review of documents. I make this certification in support of Chicago Title's Motion for Revocation of <u>Pro Hac Vice</u> Admissions and Disqualification of Counsel.

2. Throughout this litigation, counsel for Dare Investments, LLC ("Dare"), Peter Strojnik ("Strojnik Sr."), has pushed to exchange documents electronically by

1

4192286.2

email. The parties sought to do the same on November 11, 2011, as Strojnik Sr. had scheduled the next week (November 17 and 18, 2011) the depositions of a Chicago Title representative and of the person at the title agency who issued the title policy at issue here.

3. Chicago Title did not receive the production from Strojnik Sr. by mail until November 16, 2011 (which would have been the day before the depositions were scheduled to begin). Among other things, Strojnik Sr. did not produce and has not produced a privilege log evidencing the documents being withheld or the 5,500 emails referred to in his November 11, 2011 letter. To date, Chicago Title has not received the referenced 5,500 emails.

4. Recent productions by counsel for Peter and Lorraine Mocco and their entities in the New Jersey Superior Court action on title have included communications Strojnik Sr. had with said counsel regarding this litigation and the matters at issue. The communications are relevant, and Strojnik Sr. previously agreed to turn over same. To date, not one such communication was produced on behalf of Dare in this action.

5. It was not until recently that Strojnik Sr. agreed to produce these documents, but only on the condition that Chicago Title stipulate now that all those documents are admissible at trial. Given the current stage of the litigation (in the beginning of discovery) and that Chicago Title likely has not seen all these documents, it obviously could not so stipulate, requiring that it file an application with the Court to have the documents produced now.

4192286.2

6. On December 19, 2011, the Court ordered that those documents and any privilege log be produced now and that admissibility thereof would be decided at or shortly before trial. Chicago Title awaits receipt of the same.

7. During our earlier communications with Strojnik Sr., he asked that we not conduct any depositions in December 2011, because he was taking a vacation for the entire month at his wife's request.

8. Upon information and belief, the only notice that Strojnik Sr., his son (Peter K. Strojnik), or their co-counsel in this matter (Christopher Humphrey) has given the Court regarding Strojnik Sr.'s disciplinary past is the November 21, 2011 letter from Strojnik Sr. enclosing the November 7, 2011 Final Judgment and Order (as well as the November 22, 2011 letter from Mr. Humphrey to the Court enclosing another copy of Strojnik Sr.'s November 21, 2011 letter).

9. Attached hereto as exhibits are true and complete copies of the following:

   a. Exhibit 1: the Discipline Records for Peter Strojnik as of November 21, 2011, which this firm received from the State Bar of Arizona;

   b. Exhibit 2: the 09-0314 Disposition Summary regarding File No. 09-0314 and 09-1451 for Peter Strojnik obtained from the attorney profile on the Arizona State Bar's website found at http://www.azbar.org/FindALawyer.aspx?Name=strojnik&AOP=#&&/wEXAQUMU2VsZWN0ZWRQYWdlBQZkZXRhaWwwqapqCPvm34rUBQsqetfHIcEivVkhh0kMO4S5YlA0nzg==;

3

c. Exhibit 3: the April 30, 2011 Judgment and Order as to Peter Strojnik filed with the Office of the Presiding Disciplinary Judge, Supreme Court of Arizona, which this firm received from the State Bar of Arizona;

d. Exhibit 4: the 10-1223 Disposition Summary regarding File No. 10-1223 for Peter Strojnik obtained from the attorney profile on the Arizona State Bar's website found at http://www.azbar.org/FindALawyer.aspx?Name=strojnik&AOP=#&&/wEXAQUMU2VsZWN0ZWRQYWdlBQZkZXRhaWwwqapqCPvm34rUBQsqetfHIcEivVkhh0kMO4S5YlA0nzg==;

e. Exhibit 5: the October 20, 2011 Agreement for Discipline by Consent involving Peter Strojnik filed with the Office of the Presiding Disciplinary Judge, Supreme Court of Arizona, which this firm received from the Disciplinary Clerk of the Supreme Court of Arizona;

f. Exhibit 6: the November 7, 2011 Final Judgment and Order as to Peter Strojnik filed with the Office of the Presiding Disciplinary Judge, Supreme Court of Arizona, which this firm received from the State Bar of Arizona;

g. Exhibit 7: the December 6, 2010 <u>Pro Hac Vice</u> Application seeking to admit Peter Strojnik and Peter K. Strojnik filed in this action [Doc. Nos. 5, 5-1, 5-2, and 5-3];

h. Exhibit 8: the March 4, 2011 Order granting <u>pro hac vice</u> admission to Peter Strojnik and Peter K.Strojnik [Doc. No. 15];

4192286.2

i. Exhibit 9: the March 16, 2011 motion for pro hac vice admission of Peter Strojnik filed in the matter styled Dare Investments, LLC v. Arent Fox LLP, Docket No. 2:11cv266 (DAK), United States District Court for the District of Utah [Doc. Nos. 3, 3-1, and 3-2 therein];

j. Exhibit 10: the September 23, 2011 motion for pro hac vice admission of Peter K. Strojnik filed in the matter styled Dare Investments, LLC v. Arent Fox LLP, Docket No. 2:11cv266 (DAK), United States District Court for the District of Utah [Doc. Nos. 29, 29-1, and 29-2 therein];

k. Exhibit 11: the September 28, 2011 letter from Derrick R. Freijomil, Esq. of this firm to Strojnik Sr.;

l. Exhibit 12: the October 18, 2011 letter from Strojnik Sr. George Pratt, Esq., et al., on which the undersigned was copied;

m. Exhibit 13: the October 26, 2011 letter from Derrick R. Freijomil, Esq. of this firm to Strojnik Sr.;

n. Exhibit 14: the November 7, 2011 letter-request from the undersigned to the Court filed in this matter [Doc. No. 59];

o. Exhibit 15: the November 15, 2011 letter-submission from Derrick R. Freijomil, Esq. of this firm to the Court with attachments submitted in this matter;

p. Exhibit 16: the November 17, 2011 letter from Strojnik Sr. to the undersigned;

q. Exhibit 17: the November 21, 2011 letter from Strojnik Sr. to the undersigned and others; and

4192286.2

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: December 21, 2011

/S/ MICHAEL R. O'DONNELL
MICHAEL R. O'DONNELL

4192286.2