# Exhibit 1



## DISCIPLINE RECORDS FOR Peter Strojnik

| File No. | Date Rec'd | Complainant | Status | Disposition |
|---|---|---|---|---|
| 00-0233 | 02/09/2000 | Murray, Sherrie | File Closed | Dismissed in Intake |
| 00-0234 | 02/09/2000 | Hoyle, Curtis | File Closed | Dismissed after Investigation |
| 00-0386 | 03/03/2000 | Howard, Gary | File Closed | Dismissed after Investigation |
| 00-0444 | 03/15/2000 | Trust Account, State Bar of Ariz | File Closed | Dismissed after Investigation |
| 01-1467 | 07/23/2001 | Rudisill, Kenneth | File Closed | Dismissed after Investigation |
| 01-1597 | 08/09/2001 | Holohan, Brian | Dismissal Affirmed by PCP | Dismissed after investigation |
| 02-0070 | 01/09/2002 | Smith, David | File Closed | Dismissed in Intake |
| 02-0717 | 04/15/2002 | Bregman, Mark | File Closed | Dismissed in Intake |
| 03-2043 | 11/10/2003 | Weller, Charles | File Closed | Dismissed after Investigation |
| 04-0004 | 01/05/2004 | Harris, David / Dolores | File Closed | Dismissed after Investigation |
| 04-0481 | 03/19/2004 | Reese, Don | File Closed | Dismissed in Intake |
| 06-1281 | 08/07/2006 | Foster, Michel / Toni | File Closed | Dismissal after Diversion |
| 08-1744 | 10/03/2008 | Rich, Robert | File Closed | Dismissed after Investigation |
| 09-0314 | 02/23/2009 | Richardson, William | File Closed - Probation | Reprimand |
| 09-1451 | 07/31/2009 | San Felice, Jack | File Closed - Probation | Reprimand |
| 10-1223 | 06/28/2010 | Dowell, L | File Closed | Suspension |
| 11-1594 | 05/19/2011 | Trust Acct-Bank Error, State Bar of Ariz | File Closed | Dismissed in Intake |
| 86-0658 | 05/27/1986 | Albins, Gregory J. | File Closed | Censure |
| 92-0744 | 04/27/1992 | Walker, Dennis / Helen | File Closed | Dismissed after Investigation |



As of November 21, 2011, there are no other public disciplinary charges[1] or complaints[2] against Peter Strojnik, an active member of the State Bar of Arizona in good standing.

**(Note: Pursuant to Rule 71 Ariz. R. Sup. Ct., those files that were dismissed either in Intake or after Investigation are expunged after three years, from the date of dismissal, and are no longer available for review or copying).**

---

[1] "Charge" means any suggestion of misconduct or incapacity brought to the attention of the State Bar, Rule 46(f) 4, Ariz.R.Sup.Ct.

[2] "Complaint" means a formal complaint prepared and filed with the Disciplinary Clerk pursuant to rule 46(f) 7, Ariz.R.Sup.Ct.

# Exhibit 2

Respondent's name Peter Strojnik

Bar No. 006464

File No. 09-0314 and 09-1451

By order of the acting presiding disciplinary judge dated May 2, 2011, Peter Strojnik, 2401 E. Camelback Rd, Ste 700, Phoenix, was reprimanded (a sanction known before 2011 as censure). Mr. Strojnik will be placed on probation for two years and was also assessed the costs and expenses of the disciplinary proceeding.

Mr. Strojnik represented a party against a former client without the former client's appropriate consent. He also arranged the merger of his corporation with his client's company, which is a business transaction. He failed to appropriately advise the client to seek the advice of independent counsel and failed to get informed consent for the representation. He also engaged in conduct prejudicial to the administration of justice by filing a pleading and then negotiating with counsel for the withdrawal of that pleading based on the payment of his disputed fees.

In a second matter, Mr. Strojnik created conflicts of interest by filing suit against persons whom he otherwise represented by being general counsel for a joint venture, and by filing suit on a matter directly arising from an amended joint venture that he prepared. He amended the joint venture, in part, in order to waive claims other joint venture members may have had against him and his wife. His status as lawyer for the joint venture allowed him to obtain confidential information about joint venture members. He then used this information to their disadvantage by filing a lawsuit against them.

Aggravating factors: substantial experience in the practice of law, multiple offenses, pattern of misconduct, and prior disciplinary offenses.

Mitigating factors: absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, and remoteness of prior offenses.

Mr. Strojnik violated Rule 42, Ariz. R. Sup. Ct., specifically ERs 1.7(a), 1.8(a) and (h)(1), 1.9(a) and (c)(1), and 8.4(d)

# Exhibit 3

OFFICE OF THE
PRESIDING DISCIPLINARY JUDGE
SUPREME COURT OF ARIZONA

MAY 0 2 2011

FILED

BY _____

**BEFORE THE PRESIDING DISCIPLINARY JUDGE
OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A MEMBER OF THE
STATE BAR OF ARIZONA,

**PETER STROJNIK,**
**Bar No. 006464**

        Respondent.

PDJ-2011-

Nos. 09-0314, 09-1451

JUDGMENT AND ORDER

The undersigned Presiding Disciplinary Judge of the Supreme Court of Arizona has reviewed the parties' agreement for discipline by consent. Accordingly,

**IT IS ORDERED** that Respondent is hereby Reprimanded for conduct in violation of his duties and obligations as a lawyer, as disclosed in the agreement for discipline by consent.

**IT IS FURTHER ORDERED** that Respondent shall be placed on two (2) years of probation and participate in the LOMAP and MAP programs as follows:

   a. Respondent shall contact the director of the State Bar's Law Office Management Assistance Program (LOMAP), at 602-340-7332, within thirty (30) days of the date this order. Respondent shall submit to a LOMAP examination of his office's procedures, including, but not limited to, compliance with ERs 1.7, 1.8, and 1.9. The director of LOMAP shall develop "Terms and Conditions of Probation", and those terms shall be incorporated herein by reference. The probation period will commence at the time of the entry of the judgment and order and will conclude two years from that date. Respondent shall be responsible for any costs associated with LOMAP.

b. Lynda Shely has agreed to be Respondent's conflicts advisor. Ms. Shely shall initially examine Respondent's office procedures relevant to conflict of interest issues, and then shall discuss with Respondent, on a monthly basis, any potential conflicts in any new cases being considered for representation by Respondent, for a period of one year. The period of time for this term shall begin upon the filing of the Judgment and Order.

c. Respondent shall contact the director of the State Bar's Member Assistance Program (MAP), at 602-340-7332, within thirty (30) days of the date of this order. Respondent shall submit to a MAP assessment. The director of MAP shall develop "Terms and Conditions of Probation" if he determines that the results of the assessment so indicate, and the terms shall be incorporated herein by reference. The probation period will begin to run at the time of the entry of the final judgment and order and will conclude two years from that date. Respondent shall be responsible for any costs associated with MAP.

**IT IS FURTHER ORDERED** that in the event Respondent fails to comply with any of the foregoing probation terms, and information thereof is received by the State Bar of Arizona, Bar Counsel shall file a notice of noncompliance with the Presiding Disciplinary Judge, pursuant to Rule 60(a)(5), Ariz. R. Sup. Ct. The Presiding Disciplinary Judge may conduct a hearing within 30 days to determine whether a term of probation has been breached and, if so, to recommend an appropriate sanction. If there is an allegation that Respondent failed to comply with any of the foregoing terms, the burden of proof shall be on the State Bar of Arizona to prove noncompliance by a preponderance of the evidence.

**IT IS FURTHER ORDERED** that Respondent shall pay all costs incurred by the State Bar in connection with these disciplinary proceedings in the amount of $ 1,230.27 .

**IT IS FURTHER ORDERED** that Respondent shall pay all costs incurred by the Office of the Presiding Disciplinary Judge in connection with these disciplinary proceedings in the amount of $ 0 .

DATED this 30ᵗʰ day of April , 2011.

Presiding Disciplinary Judge
of the Supreme Court of Arizona

Original filed with the Disciplinary Clerk of the Office of the Presiding Disciplinary Judge of the Supreme Court of Arizona this 2ⁿᵈ day of May , 2011.

Copies mailed/emailed this 2ⁿᵈ day of May , 2011, to:

Nancy A. Greenlee
821 East Fern Drive North
Phoenix, Arizona 85014-3248
Email: nancy@nancygreenlee.com

Shauna R. Miller
Senior Bar Counsel
State Bar of Arizona
4201 N. 24ᵗʰ Street, Suite 200
Phoenix, Arizona 85016 Email:
LRO@staff.azbar.org

By

# Exhibit 4

**10-1223Disposition Summary**
Respondent's name Peter Strojnik

Bar No. 006464

File No. 10-1223

PDJ-2011-9044

By order of the presiding disciplinary judge dated November 7, 2011, Peter Strojnik, Phoenix, was suspended for 30 days. Mr. Strojnik will continue on probation that was instituted in file nos. 09-0314 and 09-1451 for two years from September 20, 2011. Mr. Strojnik was also assessed the costs and expenses of the disciplinary proceeding.

Mr. Strojnik sent a letter to a represented person that had no purpose other than to embarrass, delay, or burden him, and resulted in the filing of a motion to remove Mr. Strojnik as counsel and made it necessary for the court to address the issue. He filed a motion to compel and for sanctions and a complaint for declaratory judgment, both of which were frivolous and prejudicial to the administration of justice. His treatment of deponent during deposition was "insulting and shockingly insensitive." Finally, Mr. Strojnik advised his client to not attend an IME, but he failed to advise her that she could be sanctioned for not attending. Her failure to attend the IME resulted in the defendant filing a motion to compel, the IME had to be reset, and his client was ordered to pay the costs incurred by the defense counsel.

Aggravating factors: prior disciplinary offenses, pattern of misconduct, and substantial experience in the practice of law.

Mitigating factors: personal or emotional problems, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, and remorse.

Mr. Strojnik violated Rule 42, Ariz. R. Sup. Ct., specifically ERs 1.4, 1.7(a), 3.1, 4.2, 4.4(a), and 8.4(d).

Available at the State Bar of Arizona website,
http://www.azbar.org/FindALawyer.aspx?Name=strojnik&AOP=#&&/wEXAQUMU2V
sZWN0ZWRQYWdlBQZkZXRhaWwqapqCPvm34rUBQsqetfHIcEivVkhh0kMO4S5Yl
A0nzg===.

# Exhibit 5

Shauna R. Miller, Bar No. 015197
Senior Bar Counsel
State Bar of Arizona
4201 North 24th Street, Suite 200
Phoenix, Arizona 85016-6288
Telephone: (602) 340-7278
Email: LRO@staff.azbar.org

Nancy A. Greenlee, Bar No. 010892
Attorney and Counselor at Law
821 East Fern Drive North
Phoenix, Arizona 85014-3248
Telephone: (602) 264-8110
Email: nancy@nancygreenlee.com
Respondent's Counsel

```
OFFICE OF THE
PRESIDING DISCIPLINARY JUDGE
SUPREME COURT OF ARIZONA

OCT 21 2011

BY _____  FILED
```

## BEFORE THE PRESIDING DISCIPLINARY JUDGE
## OF THE SUPREME COURT OF ARIZONA

IN THE MATTER OF A MEMBER OF THE
STATE BAR OF ARIZONA,

**PETER STROJNIK**
**Bar No. 006464**

Respondent.

PDJ-2011-9044

**AGREEMENT FOR DISCIPLINE**
**BY CONSENT**

[SBA File No. 10-1223]

The State Bar of Arizona, through undersigned Bar Counsel, and Respondent Peter Strojnik, who is represented in this matter by counsel Nancy A. Greenlee, hereby submit their Tender of Admissions and Agreement for Discipline by Consent pursuant to Rule 57(a), Ariz. R. Sup. Ct. Respondent voluntarily waives the right to an adjudicatory hearing on the complaint, unless otherwise ordered, and waives all motions, defenses, objections or requests which have been made or raised, or could be asserted thereafter, if the conditional admission and proposed form of discipline is approved.

Respondent conditionally admits that his conduct, as set forth below, violated Rule 42, Ariz. R. Sup. Ct., specifically, ERs 1.4, 1.7(a), 3.1, 4.2, 4.4(a), and 8.4(d).

1

Upon acceptance of this agreement, Respondent agrees to accept imposition of the following discipline: Suspension for a 30-day period beginning on December 3, 2011, followed by two years of probation to include participation in the State Bar's Law Office Management Assistance Program and Member Assistance Program. Respondent also agrees to pay the costs and expenses of the disciplinary proceeding.[1] The State Bar's Statement of Costs and Expenses is attached hereto as Exhibit "A."

## FACTS

### GENERAL ALLEGATIONS

1.  At all times relevant, Respondent was a lawyer licensed to practice law in the state of Arizona having been first admitted to practice in Arizona on October 4, 1980.

### COUNT ONE (State Bar File No. 10-1223/Dowell)

2.  L. Eric Dowell ("Mr. Dowell") represented STATS ChipPac ("STATS") in a District Court matter ("the federal complaint" or "federal litigation") where STATS was the defendant and Respondent's client, Diane Sahakian ("Ms. Sahakian") was the plaintiff.

3.  The federal complaint alleged that Eric Gongora ("Mr. Gongora"), a STATS employee, sexually harassed Ms. Sahakian and encouraged or enticed other employees to do so as well.

---

[1]  Respondent understands that the costs and expenses of the disciplinary proceeding include the costs and expenses of the State Bar of Arizona, the Disciplinary Clerk, the Probable Cause Committee, the Presiding Disciplinary Judge, and the Supreme Court of Arizona.

4.    During the federal litigation, Mr. Dowell informed Respondent on more than one occasion that Respondent could not talk to certain STATS employees, including Mr. Gongora, without Mr. Dowel's permission in the federal litigation.

5.    Respondent tried to amend the federal complaint to add a claim for intentional infliction of emotional distress, but later withdrew the motion to amend.

6.    Respondent then personally sued Mr. Gongora in state court alleging intentional infliction of emotional distress, civil conspiracy and common design, aiding and abetting, and defamation ("state court action").

7.    Respondent then contacted Mr. Gongora without Mr. Dowell's consent in the state court action.

8.    Respondent sent a letter to Mr. Gongora that offered to resolve the state court action against Mr. Gongora in exchange for his cooperation in the federal litigation.

9.    In the letter, Respondent intimated that he believed Mr. Gongora was coached to give false testimony in his deposition in the federal litigation.

10.    Respondent also offered to resolve the state court action filed against Mr. Gongora in exchange for Mr. Gongora divulging privileged communications he had with Mr. Dowell in the federal litigation.

11.    The State Bar alleged that Respondent tried to intimidate Mr. Gongora by making unsubstantiated statements that Mr. Gongora should not be surprised if he is terminated after he testifies in the federal litigation. If this matter were to proceed to hearing Respondent would testify that the correspondence to Mr. Gongora was an invitation to resolve the state court litigation amicably, truthfully and ethically in the best interest of the state court litigation parties. For purposes

3

of this agreement, the State Bar does not contest the Respondents proffered testimony.

12.    On August 21, 2009, Mr. Dowell filed a Motion for Sanctions Against Plaintiff's Counsel ("the motion") because of the unauthorized contact with his client. Mr. Dowell moved to have Respondent removed as Mr. Sahakian's counsel and moved that Respondent be ordered to pay his fees and costs for having to bring the motion.

13.    The court left Mr. Dowell's motion pending until March 22, 2010, "lest there be the necessity of re-briefing the matter should the court encounter further difficulty with counsel." Later, the Court denied Mr. Dowell's motion.

### COUNT TWO (State Bar File No. 10-1223/Montoya)

14.    Respondent hired Stephen Montoya ("Mr. Montoya") to be lead trial counsel in the Sahakian case discussed in Count One. Discovery had closed by the time Mr. Montoya was retained.

15.    The State Bar alleged that Respondent did not tell Mr. Montoya when he was retained that a Motion to Disqualify the Strojniks as Ms. Sahakian's counsel was pending before Judge Holland. Respondent denies this allegation and for purposes of this agreement, the State Bar does not contest his denial.

16.    The State Bar alleged that Respondent did not tell Mr. Montoya when he was retained that Respondent, as the plaintiff, had filed a complaint for declaratory judgment ("Respondent's complaint" or "his complaint") against STATS, the Attorney General of the United States, the State Bar of Arizona, the Republic of Singapore, Carolyn Larsen (STATS counsel) and many others, in federal court.

4

Respondent denies this allegation and for purposes of this agreement, the State Bar does not contest his denial.

17.   Set forth in Respondent's complaint are his opinions on: the Sahakian case, Madam Ho Ching and the Singaporean oligarchy, the Singaporean Government's human rights and free speech abuses, STATS immigration abuses, and the danger posed to the American worker by the Singaporean Government, among other things.

18.   Respondent's requested relief was that he be "constitutionally protected in his anticipated, widely distributed press releases" from actions any of the people and entities he referenced in the press release might initiate.

19.   Respondent further requested that the publication of his opinions be held not to violate the ethical rules governing the conduct of Arizona lawyers.

20.   If this matter were to proceed to a hearing, Respondent would testify that his client requested that he issue press releases regarding the lawsuit.  When Respondent contacted opposing counsel regarding that matter, he was told that they would take action against Respondent if press releases were issued.  Thus, Respondent's intent in filing the declaratory judgment action was to avoid some type of retaliatory action against him and his client.  Respondent later determined that issuing press releases was not in his client's best interest and therefore, he voluntarily dismissed the declaratory judgment action.  For purposes of this agreement, the State Bar does not contest the proffered testimony.

21.   The State Bar alleged that Respondent did not obtain Ms. Sahakian's informed consent before filing his complaint and that she was unaware of its negative implications.  The State Bar also alleged that Respondent's credibility with

5

opposing counsel was undermined and he materially damaged Ms. Sahakian's lawsuit when he filed his complaint. If this matter were to proceed to hearing, Respondent would testify he did inform Ms. Sahakian about the complaint, but for purposes of this agreement does not contest the State Bar's allegations.

22.    Respondent filed a motion to compel and for sanctions on behalf of Ms. Sahakian. On July 27, 2009, regarding Respondent's motion, Judge Holland stated in part:

> [Respondent] has not made wise and efficient use of all of the discovery mechanisms available under the rules... The huge laundry list set forth in plaintiff's amended notice is "over the top" on the reasonable to unseasonable scale.

23.    The motion to compel and for sanctions was denied and $5000.00 in attorneys' fees was assessed against Ms. Sahakian. If this matter were to proceed to a hearing, Respondent would testify that while attorney's fees were awarded against his client, she was not required to pay them because they were subsumed by the settlement agreement.

24.    Respondent noticed the deposition of Dr. B.J. Han, Ms. Sahakian's supervisor with STATS. Defense counsel terminated the deposition prior to the allotted time because he believed Respondent was being abusive in asking a particular set of questions.

25.    Respondent moved for an order to complete the deposition, but the court denied the motion. The court stated in part:

> The Han deposition appeared to be more about irrelevant business practices and customs of Asian business managers than the plaintiff's Arizona workplace. The line of questioning that resulted in the Han deposition being terminated should have ended when Han denied consorting with prostitutes. What followed was insulting and shockingly insensitive and impresses the court as being unreasonably annoying, embarrassing, and oppressive to Dr. Han.

6

26.    Ms. Sahakian was set to participate in an independent medical exam ("IME") in connection to her lawsuit, but at the last minute, she did not attend. The State Bar has alleged that Respondent told her not to attend and he did not tell her that she could or would be sanctioned for failing to attend.    The cost to Ms. Sahakian for missing the initial exam was $1,200.00.    If this matter were to proceed to hearing, Respondent would testify that Ms. Sahakian is the one who, at the last minute, told Respondent that she did not want to attend the IME. Respondent told her that she had to attend the IME.    For purposes of this agreement, the State Bar does not contest Respondent's proffered testimony.

## CONDITIONAL ADMISSIONS

Respondent's admissions are being tendered in exchange for the form of discipline stated below and is submitted freely and voluntarily and not as a result of coercion or intimidation.

Respondent conditionally admits that his conduct violated Rule 42, Ariz. R. Sup. Ct., specifically, ERs 1.4, 1.7(a), 3.1, 4.2, 4.4(a), and 8.4(d).

## CONDITIONAL DISMISSALS

The State Bar conditionally agrees to dismiss Respondent's violation of Supreme Court Rule 41(g) as alleged in the complaint filed on July 29, 2011. The State Bar has agreed not to pursue this violation because the conduct is covered by other admitted ethical rule violations and the resolution of this matter would likely be no different if the State Bar were able to prove a violation of Rule 41(g).

## RESTITUTION

No restitution is being sought in this matter.

7

## SANCTION

Respondent and the State Bar of Arizona agree that based on the facts and circumstances of this matter, as set forth above, the following sanction is appropriate: a 30-day suspension and 2 years of probation to include participation in the State Bar's Law Office Manage Assistance Program (LOMAP) and the State Bar's Member Assistance Program (MAP).

Respondent is currently on probation and is participating in MAP, with appropriate probationary terms and conditions. As part of this agreement, Respondent agrees to the extension of the MAP probation for two years from September 20, 2011, the date he started treating with Dr. Reiss, until September 19, 2013. Respondent is responsible for any costs associated with his participation in MAP.

## LEGAL GROUNDS IN SUPPORT OF SANCTION

In determining an appropriate sanction, the parties consulted the American Bar Association's *Standards for Imposing Lawyer Sanctions (Standards)* pursuant to Rule 57(a)(2)(E), Ariz. R. Sup. Ct. The *Standards* are designed to promote consistency in the imposition of sanctions by identifying relevant factors that courts should consider and then applying those factors to situations where lawyers have engaged in various types of misconduct. *Standards* 1.3, Commentary. The *Standards* provide guidance with respect to an appropriate sanction in this matter. *In re Peasley*, 208 Ariz. 27, 33, 35, 90 P.3d 764, 770 (2004); *In re Rivkind*, 162 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990).

In determining an appropriate sanction consideration is given to the duty violated, the lawyer's mental state, the actual or potential injury caused by the

misconduct and the existence of aggravating and mitigating factors.  *Peasley*, 208 Ariz. at 35, 90 P.3d at 772; *Standard* 3.0.

The parties agree that *Standards* 4.32, 4.43, 6.22 and 6.32 are the appropriate *Standards* given the facts and circumstances of this matter.

*Standard* 4.32 provides that: "Suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." Respondent's conduct fits within this *Standard* because he personally filed a complaint for declaratory action for his benefit which conflicted with his duty of loyalty to Ms. Sahakian.

*Standard* 4.43 provides that: "Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."  Respondent's conduct fits within this *Standard* because he failed to inform Ms. Sahakian about the complaint for declaratory judgment or about the possible effect it could have on her lawsuit.

*Standard* 6.22 provides that: "Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding."  Respondent's conduct fits within this *Standard* because of the following:

1. Respondent's letter to Mr. Gongora had no substantial purpose other than to embarrass, delay, or burden Mr. Gongora; and resulted in the filing of a motion to remove Respondent as counsel and made it necessary for the court to address the issue.

9

2. Respondent's motion to compel and for sanctions, and his complaint for declaratory judgment were frivolous and prejudicial to the administration of justice.

3. Respondent's treatment of Dr. B.J. Han during Dr. Han's deposition was "insulting and shockingly insensitive."

*Standard* 6.32 provides that: "Suspension is generally appropriate when a lawyer engages in communication with an individual in the legal system when the lawyer knows that such communication is improper, and causes injury or potential injury to a party or causes interference or potential interference with the outcome of the legal proceeding." Respondent's conduct fits within this *Standard* because he communicated with Mr. Gongora who was represented by counsel, resulting in the defendant filing a motion to remove Respondent as counsel, and necessitating the court to address the issue.

**The duty violated**

As described above, Respondent's conduct violated his duty to his client and the legal system.

**The lawyer's mental state**

For purposes of this agreement, the parties agree that Respondent negligently failed to inform Ms. Sahakian about the complaint for declaratory judgment or about the possible effect it could have on her lawsuit and that his conduct was in violation of the Rules of Professional Conduct.

For purposes of this agreement, the parties agree that Respondent knowingly:

1. Communicated with Mr. Gongora, who was represented by counsel, which resulted in the filing of a motion to remove Respondent as counsel and made it necessary for the court to address the issue;

2. Sent the letter referenced above with no other substantial purpose than to embarrass, delay, or burden Mr. Gongora;

3. Filed a motion to compel and for sanctions, and a complaint for declaratory judgment which were frivolous and prejudicial to the administration of justice;

4. Treated Dr. B.J. Han in an "insulting and shockingly insensitive" manner during Dr. Han's deposition;

Respondent's knowing conduct as described above was in violation of the Rules of Professional Conduct.

**The extent of the actual or potential injury**

For purposes of this agreement, the parties agree that there was actual harm to the client and the legal system.

**Aggravating and mitigating circumstances**

The presumptive sanction in this matter is suspension.    The parties conditionally agree that the following aggravating and mitigating factors should be considered.

**In aggravation:**

*Standard* 9.22(a) prior disciplinary offenses: On April 5, 1990, in File No. 86-0685, Respondent received a censure [now a reprimand] for conduct in violation of Rule 42, Ariz. R. Sup. Ct., ER 1.9(a).  On May 2, 2011, in File Nos. 09-0314 and 09-1451, Respondent received a censure [now reprimand] for conduct in violation of

11

Rule 42, Ariz. R. Sup. Ct., ERs 1.7, 1.8 and 1.9.   Respondent was also ordered placed on probation for two years with participation in LOMAP and MAP.

Standard 9.22(c) a pattern of misconduct: Respondent's misconduct in this matter occurred shortly after his misconduct in File Nos. 09-0314 and 09-1451.

Standard 9.22(i) substantial experience in the practice of law: Respondent was admitted to practice on October 4, 1980.

**In mitigation:**

Standard 9.32(c) personal or emotional problems.   Respondent is being treated for a bipolar disorder.  His doctor and his counselor concur that his conduct as described herein was a symptom of his untreated disorder.  With appropriate medical treatment and counseling, there is little likelihood that this type of conduct will recur.

Standard 9.32(d) efforts to rectify consequences of misconduct.  Respondent voluntarily dismissed the declaratory judgment action.

Standard 9.32(e) full and free disclosure and cooperative attitude toward proceedings.  Respondent has been proactive in recognizing that he needed medical treatment and is committed to ensuring no further relapses due to a lack of treatment.

Standard 9.32(l) remorse.  Respondent has apologized for his conduct and expressed great regret that his untreated medical condition impacted his handling of this matter.

**Discussion**

The parties have conditionally agreed that a greater or lesser sanction would not be appropriate under the facts and circumstances of this matter.   This

12

agreement was based on the following:   Respondent's knowing conduct which, caused his client injury and wasted judicial resources warrants a suspension. Generally, the length of suspension for this type of misconduct is 60 days. However, the parties agree that Respondent's mitigation warrants a lesser suspension of 30 days.   That suspension, coupled with an extension of Respondent's two-year probation is the appropriate sanction in this matter.

Based on the *Standards* and in light of the facts and circumstances of this matter, the parties conditionally agree that the sanction set forth above is within the range of appropriate sanction and will serve the purposes of lawyer discipline.

### CONCLUSION

The object of lawyer discipline is not to punish the lawyer, but to protect the public, the profession, and the administration of justice. *Peasley, supra* at ¶ 64, 90 P.3d at 778.   Recognizing that determination of the appropriate sanction is the prerogative of the Presiding Disciplinary Judge, the State Bar and Respondent believe that the objectives of discipline will be met by the imposition of the proposed sanction of a 30-day suspension, to commence on December 3, 2011, with two years of probation retroactive to September 20, 2011, and the imposition of costs and expenses.  A proposed form order is attached hereto as Exhibit "B."

**DATED** this ___20th___ day of October 2011.

STATE BAR OF ARIZONA

Shauna R. Miller
Senior Bar Counsel

13

This agreement, with conditional admissions, is submitted freely and voluntarily and not under coercion or intimidation. I acknowledge my duty under the Rules of the Supreme Court with respect to discipline and reinstatement. I understand these duties may include notification of clients, return of property, and other rules pertaining to suspension.

**DATED** this _____ day of October 2011.

_____
Peter Strojnik
Respondent

**DATED** this _____ day of October 2011.

_____
Nancy A. Greenlee
Counsel for Respondent

Approved as to form and content

_____
Maret Vessella
Chief Bar Counsel

Original filed with the Disciplinary Clerk
of the Office of the Presiding Disciplinary Judge
this 21st day of October 2011.

Copies of the foregoing mailed/emailed
this 21st day of October 2011, to:

Nancy A. Greenlee
Attorney and Counselor at Law
821 East Fern Drive North
Phoenix, Arizona 85014-3248
Email: nancy@nancygreenlee.com
Respondent's Counsel

14

This agreement, with conditional admissions, is submitted freely and voluntarily and not under coercion or intimidation. I acknowledge my duty under the Rules of the Supreme Court with respect to discipline and reinstatement. I understand these duties may include notification of clients, return of property, and other rules pertaining to suspension.

DATED this _20th_ day of October 2011.

_____
Peter Strojnik
Respondent

DATED this _20th_ day of October 2011.

_____
Nancy A. Greenlee
Counsel for Respondent

Approved as to form and content

_____
Maret Vessella
Chief Bar Counsel

Original filed with the Disciplinary Clerk
of the Office of the Presiding Disciplinary Judge
this _____ day of October 2011.

Copies of the foregoing mailed/emailed
this _____ day of October 2011, to:

Nancy A. Greenlee
Attorney and Counselor at Law
821 East Fern Drive North
Phoenix, Arizona 85014-3248
Email: nancy@nancygreenlee.com
Respondent's Counsel

Copy of the foregoing emailed
this 21st day of October 2011, to:

William J. O'Neil
Presiding Disciplinary Judge
Supreme Court of Arizona
1501 W. Washington
Phoenix, AZ 85007
Email: officepdj@courts.az.gov
        lhopkins@courts.az.gov


Copy of the foregoing hand-delivered
this 21st day of October 2011, to:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 North 24th Street, Suite 200
Phoenix, Arizona 85016-6288

By: _____
       SRM:rr

15

EXHIBIT "A"

**Statement of Costs and Expenses**

In the Matter of a Member of the State Bar of Arizona,
Peter Strojnik, Bar No. 006464, Respondent

File No(s). 10-1223

## Administrative Expenses

The Supreme Court of Arizona has adopted a schedule of administrative expenses to be assessed in lawyer discipline. If the number of charges/complainants exceeds five, the assessment for the general administrative expenses shall increase by 20% for each additional charge/complainant where a violation is admitted or proven.

Factors considered in the administrative expense are time expended by staff bar counsel, paralegal, secretaries, typists, file clerks and messenger; and normal postage charges, telephone costs, office supplies and all similar factors generally attributed to office overhead. As a matter of course, administrative costs will increase based on the length of time it takes a matter to proceed through the adjudication process.

*General Administrative Expenses*                                    **$1200.00**
*for above-numbered proceedings*

Additional costs incurred by the State Bar of Arizona in the processing of this disciplinary matter, and not included in administrative expenses, are itemized below.

## Staff Investigator/Miscellaneous Charges                      $    13.06

03/10/11     Travel and mileage, attempt to serve              $    13.06

Total for staff investigator charges                           **$1,213.06**

## *TOTAL COSTS AND EXPENSES INCURRED*

Sandra E. Montoya                                9-28-11
**Sandra E. Montoya**                             **Date**
**Lawyer Regulation Records Manager**

EXHIBIT "B"

## BEFORE THE PRESIDING DISCIPLINARY JUDGE
## OF THE SUPREME COURT OF ARIZONA

IN THE MATTER OF A MEMBER OF THE
STATE BAR OF ARIZONA,

**PETER STROJNIK**
**Bar No. 006464**

Respondent.

PDJ-2011-9044

**FINAL JUDGMENT AND ORDER**

[SBA File No. 10-1223]

The undersigned Presiding Disciplinary Judge of the Supreme Court of Arizona, having reviewed the Agreement for Discipline by Consent filed on _____, pursuant to Rule 57(a), Ariz. R. Sup. Ct., hereby accepts the parties' proposed agreement. Accordingly:

**IT IS HEREBY ORDERED** that Respondent, **Peter Strojnik**, is hereby suspended for 30 days for his conduct in violation of the Arizona Rules of Professional Conduct, as outlined in the consent documents, effective December 3, 2011.

**IT IS FURTHER ORDERED** that Respondent continue on probation that was instituted in File Nos. 09-0314 and 09-1451 and shall continue for a period of two years from September 20, 2011.

Respondent shall be responsible for any costs associated with State Bar's Member Assistance Program.

**IT IS FURTHER ORDERED** that, pursuant to Rule 72 Ariz. R. Sup. Ct., Respondent shall immediately comply with the requirements relating to notification of clients and others.

**IT IS FURTHER ORDERED** that Respondent pay the costs and expenses of the State Bar of Arizona in the amount of $ 1,213.06.

1

**IT IS FURTHER ORDERED** that Respondent shall pay the costs and expenses incurred by the disciplinary clerk and/or Presiding Disciplinary Judge's Office in connection with these disciplinary proceedings in the amount of _____.

**DATED** this _____ day of _____, 2011.

_____
**The Honorable William J. O'Neil**
**Presiding Disciplinary Judge**

Original filed with the Disciplinary Clerk
of the Office of the Presiding Disciplinary Judge
of the Supreme Court of Arizona
this _____ day of _____, 2011.

Copies of the foregoing mailed/emailed
this _____ day of _____, 2011, to:

Nancy A. Greenlee
Attorney and Counsel at Law
821 East Fern Drive North
Phoenix, Arizona 85014-3248
Email: nancy@nancygreenlee.com
Respondent's Counsel

Copy of the foregoing emailed
this _____ day of _____, 2011, to:

Shauna R. Miller
Senior Bar Counsel
State Bar of Arizona
Email: lro@staff.azbar.org

Copy of the foregoing hand-delivered
this _____ day of _____, 2011, to:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 North 24th Street, Suite 200
Phoenix, Arizona 85016-6288

by: _____

2

# Exhibit 6

```
OFFICE OF THE
PRESIDING DISCIPLINARY JUDGE
SUPREME COURT OF ARIZONA

              NOV 0 7 2011

BY _____   FILED    2̶ℓ̶ℓ̶S̶
```

BEFORE THE PRESIDING DISCIPLINARY JUDGE
OF THE SUPREME COURT OF ARIZONA

IN THE MATTER OF A MEMBER OF THE
STATE BAR OF ARIZONA,

**PETER STROJNIK**
**Bar No. 006464**

Respondent.

PDJ-2011-9044

**FINAL JUDGMENT AND ORDER**

[SBA File No. 10-1223]

The undersigned Presiding Disciplinary Judge of the Supreme Court of Arizona, having reviewed the Agreement for Discipline by Consent filed on 10/21/11 pursuant to Rule 57(a), Ariz. R. Sup. Ct., hereby accepts the parties' proposed agreement. Accordingly:

**IT IS HEREBY ORDERED** that Respondent, **Peter Strojnik**, is hereby suspended for 30 days for his conduct in violation of the Arizona Rules of Professional Conduct, as outlined in the consent documents, effective December 3, 2011.

**IT IS FURTHER ORDERED** that Respondent continue on probation that was instituted in File Nos. 09-0314 and 09-1451 and shall continue for a period of two years from September 20, 2011.

Respondent shall be responsible for any costs associated with State Bar's Member Assistance Program.

**IT IS FURTHER ORDERED** that, pursuant to Rule 72 Ariz. R. Sup. Ct., Respondent shall immediately comply with the requirements relating to notification of clients and others.

**IT IS FURTHER ORDERED** that Respondent pay the costs and expenses of the State Bar of Arizona in the amount of $ 1,213.06.

1

**IT IS FURTHER ORDERED** that Respondent shall pay the costs and expenses incurred by the disciplinary clerk and/or Presiding Disciplinary Judge's Office in connection with these disciplinary proceedings in the amount of ~~0~~.

**DATED** this ___7___ day of ___NOV___, 2011.

_____
The Honorable William J. O'Neil
Presiding Disciplinary Judge

Original filed with the Disciplinary Clerk
of the Office of the Presiding Disciplinary Judge
of the Supreme Court of Arizona
this ___7___ day of ___November___, 2011.

Copies of the foregoing mailed/emailed
this ___7___ day of ___November___, 2011, to:

Nancy A. Greenlee
Attorney and Counsel at Law
821 East Fern Drive North
Phoenix, Arizona 85014-3248
Email: nancy@nancygreenlee.com
Respondent's Counsel

Copy of the foregoing emailed
this ___7___ day of ___November___, 2011, to:

Shauna R. Miller
Senior Bar Counsel
State Bar of Arizona
Email: lro@staff.azbar.org

Copy of the foregoing hand-delivered
this ___7___ day of ___November___, 2011, to:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 North 24th Street, Suite 200
Phoenix, Arizona 85016-6288

by: _____

2

# Exhibit 7

Case 2:10-cv-06088-DRD -MAS    Document 5    Filed 12/06/10    Page 1 of 3 PageID: 187

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company, | CIVIL ACTION NO. 2:10-cv-6088 |
| Plaintiff, |  |
| vs. | Civil Action |
| CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise, | APPLICATION TO APPEAR PRO HAC VICE |
| Defendants. |  |

**Christopher Humphrey** hereby certifies as follows:

1. I am a member of the law firm of Humphrey Law, LLC and have been selected to serve as Local Counsel for Plaintiff in the above captioned matter.

2. I am admitted to practice before this Honorable Court and the State Courts of New Jersey, New York and Massachusetts. I am a member in good standing of these Courts and I am not, and never have been, under suspension or disbarment by any court or jurisdiction.

3. I submit this Application on behalf of Plaintiff, whose primary selected counsel, Peter Strojnik of Peter Strojnik, P.C. and Peter Kristofer Strojnik of The Strojnik Firm, LLC, both of Phoenix, Arizona, seek admission *pro hac vice*.

4. It is my understanding that mo disciplinary proceedings are pending against either attorney seeking admission *pro hac vice* and they are members in good standing of in which they are admitted.

- 2 -

5.  I understand that all pleadings, briefs, stipulations, and other papers filed with the Court shall be signed by me. I agree to promptly notify the attorneys admitted *pro hac vice* of the receipt of all notices, orders and pleadings.

6.  Pursuant to Local Civil Rule 101.1(c), I understand that I shall be held responsible for the conduct of the case and shall be present before the Court during all phases of these proceedings, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorneys admitted *pro hac vice*.

7.  Defendants in this matter consent and have no objection to the *pro hac vice* admission of the Applicants.

8.  On behalf of Dare Investments, LLC, I respectfully request that the Court grant its application to have Peter Strojnik and Peter Kristofer Strojnik admitted *pro hac vice* to appear and participate in this matter pursuant to Local Civil Rule 101.1(c).

9.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

s/ Christopher C. Humphrey
Local Counsel for Plaintiff

Dated: December 3, 2010

- 3 -

Case 2:10-cv-06088-DRD -MAS    Document 5    Filed 12/06/10    Page 3 of 3 PageID: 189

Christopher C. Humphrey (CH 9551)
HUMPHREY LAW, LLC
7 Lothrop Lane
P.O. Box 608
Cohasset, Massachusetts 02025
Telephone: 908-472-8999
E-Mail: chumphreylaw@gmail.com
Local Counsel for Plaintiff

Peter Strojnik, Arizona Bar No. 6464
PETER STROJNIK, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: Strojnik@aol.com
Attorneys *pro hac vice* for Plaintiff

Peter K. Strojnik, Arizona Bar No. 026082, California Bar No 242728
THE STROJNIK FIRM LLC
Suite 1401, 3030 North Central Avenue
Phoenix, Arizona 85012
Telephone: 602-297-3019
e-mail: Strojnik@skplaw.com
Attorneys *pro hac vice* for Plaintiff

- 1 -

Case 2:10-cv-06088-DRD -MAS   Document 5-1   Filed 12/06/10   Page 1 of 2 PageID: 190

Peter Kristofer Strojnik
THE STROJNIK FIRM LLC
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019
strojnik@skplaw.com
Attorney pro hac vice for Plaintiff (pending)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company, | CIVIL ACTION NO. 2:10-cv-6088 DRB-MAS |
| Plaintiff, | **Civil Action** |
| vs. | |
| CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise, | **CERTIFICATION OF COUNSEL PETER KRISTOFER STROJNIK IN SUPPORT OF PRO HAC VICE ADMISSION** |
| Defendants. | |

Peter Kristofer Strojnik hereby certifies as follows:

1) I am licensed to practice in the State of Arizona, Bar Number 026082, and the State of California, Bar Number 242728. I am in active status and in good standing in both jurisdictions and there are no disciplinary proceedings pending against me.

2) I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED this 5th Day of December, 2010.

- 1 -

/s/ Peter Kristofer Strojnik
Peter Kristofer Strojnik
Attorney *pro hac vice* for Plaintiff

Case 2:10-cv-06088-DRD -MAS    Document 5-2    Filed 12/06/10    Page 1 of 1 PageID: 192

Peter Strojnik
PETER STROJNIK, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: Strojnik@aol.com
Attorneys *pro hac vice* for Plaintiff (pending)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise,<br><br>Defendants. | CIVIL ACTION NO.<br>2:10-cv-6088 DRB-MAS<br><br><br>Civil Action<br><br>CERTIFICATION OF COUNSEL PETER STROJNIK IN SUPPORT OF *PRO HAC VICE* ADMISSION |

I, Peter Strojnik, do hereby certify that I am licensed to practice in the State of Arizona, Bar Number 006464. I am on active status and in good standing.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false that I am subject to punishment.

DATED this 5th Day of December, 2010.

/s/ Peter Strojnik
Peter Strojnik
Attorney *pro hac vice* for Plaintiff

- 1 -

Case 2:10-cv-06088-DRD -MAS   Document 5-3   Filed 12/06/10   Page 1 of 2 PageID: 193

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company, | CIVIL ACTION NO. 2:10-cv-6088 DRB-MAS |
| Plaintiff, | |
| vs. | Civil Action |
| CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise, | ORDER |
| Defendants. | |

This matter having come before this Court upon the application of counsel for the *pro hac vice* admission of Peter Strojnik and Peter Khristopher Strojnik, and it appearing that there is no objection to the application, and good cause shown,

IT IS on this ___ day of December 2010,

ORDERED that Peter Strojnik and Peter Kristopher Strojnik are hereby admitted as counsel *pro hac vice* for Plaintiff in the above captioned case; and it is further

ORDERED that attorneys admitted *pro hac vice* shall be electronically notified of the events in this cause at the following e-mail addresses:

Peter Strojnik, Arizona Bar No. 6464
**PETER STROJNIK, P.C.**
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: ps@strojnik.com

- 1 -

# Exhibit 8

Case 2:10-cv-06088-DRD -MAS     Document 15     Filed 03/04/11     Page 1 of 2 PageID: 731

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARE INVESTMENTS, LLC,

      Plaintiff,

      v.

CHICAGO TITLE INS. CO., et al.,

      Defendants.

Civil Action No. 10-6088 (DRD) (MAS)

**ORDER**

This matter having been brought before the Court by Christopher Humphrey, Esq., attorney for Plaintiff, on application for an Order allowing Peter Strojnik, Esq. and Peter Kristofer Strojnik, Esq. to appear and participate pro hac vice; and the Court having considered the moving papers; and this matter having been considered pursuant to Federal Rule of Civil Procedure 78; and for good cause shown,

IT IS on this 4th day of March, 2011,

ORDERED that Peter Strojnik, Esq. and Peter Kristofer Strojnik, Esq., members of the Bar of the State of Arizona, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c);

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Humphrey Law, LLC, attorneys of record for Plaintiff who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby;

ORDERED that Peter Strojnik, Esq. and Peter Kristofer Strojnik, Esq. shall each pay the

annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order;

ORDERED that Peter Strojnik, Esq. and Peter Kristofer Strojnik, Esq. shall each make payment of $150.00 to the Clerk of the United States District Court in accordance with Local Civil Rule 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order;

ORDERED that Peter Strojnik, Esq. and Peter Kristofer Strojnik, Esq. shall each be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to, the provisions of Local Civil Rule 103.1, Judicial Ethics and Professional Responsibility, and Local Civil Rule 104.1, Discipline of Attorneys; and it is further

ORDERED that Peter Strojnik, Esq. and Peter Kristofer Strojnik, Esq. shall each be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE