RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
Attorneys for Defendant Chicago Title
Insurance Company

| | |
|---|---|
| DARE INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br>ET AL.,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO. 2:10-CV-06088<br>(DRD) (MAS)<br><br>**CHICAGO TITLE INSURANCE<br>COMPANY'S RESPONSES AND<br>OBJECTIONS TO DARE<br>INVESTMENTS, LLC'S FIRST SET<br>OF REQUESTS FOR THE<br>PRODUCTION OF DOCUMENTS** |

**DEFENDANT CHICAGO TITLE INSURANCE COMPANY'S
RESPONSES AND OBJECTIONS TO PLAINTIFF DARE INVESTMENTS, LLC'S
<u>FIRST DEMAND FOR THE PRODUCTION OF DOCUMENTS</u>**

Pursuant to the Federal Rules of Civil Procedure, Defendant Chicago Title

Insurance Company ("Chicago Title"), by and through its undersigned attorneys, hereby

responds and objects to Plaintiff Dare Investments, LLC's ("Plaintiff" or "Dare") First

Request for the Production of Documents to Chicago Title ("Document Demands"). All

responses and objections contained herein are based only upon such information and

documents presently available and specifically known to Chicago Title. Further

independent discovery, independent investigation, legal research and analysis may

supply additional facts or add meaning to the known facts. Moreover, the responses

and objections below are given without prejudice to Chicago Title's right at trial to produce evidence of any subsequently discovered fact or facts that may develop later.

RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI LLP
Attorneys for Defendant
Chicago Title Insurance
Company

By: /s/ Michael R. O'Donnell
    Michael R. O'Donnell (DRF)

DATED:   October 14, 2011

## INITIAL OBJECTIONS

Chicago Title objects to the Document Demands on the following grounds, each of which is incorporated by reference in the responses and objections to the individual Document Demands below. All responses set forth herein are subject to and without waiver of any of these general objections:

1. Chicago Title objects to the Document Demands to the extent they place a greater burden upon Chicago Title than that imposed by the Federal Rules of Civil Procedure.

2. Chicago Title objects to the Document Demands to the extent they call for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege or any other applicable privileges, protection, immunities and/or doctrines of law, including without limitation as to confidential and proprietary information. Chicago Title further generally objects to the extent that the Document Demands seek information that is protected by applicable rights of privacy under state or federal law, including the right to financial privacy.

3. Chicago Title objects to the Document Demands to the extent that they are so vague, ambiguous, complex, confusing, or broad as to prevent Chicago Title from providing a meaningful response.

4. Chicago Title objects to the Document Demands to the extent that they are overbroad and/or unlimited as to time or scope.

5.    Chicago Title objects to the Document Demands to the extent that they seek to impose upon Chicago Title a duty to provide information that is outside the Chicago Title' possession, custody, or control.

6.    Chicago Title objects to the Document Demands to the extent they are unduly burdensome or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Chicago Title objects to the Document Demands to the extent that they constitute contention discovery that is premature at this stage of the litigation.

8.    Chicago Title objects to the Document Demands to the extent the information they seek may be ascertained by Dare with substantially the same burden as Chicago Title from the records produced by Chicago Title in response to document requests or from materials that are publicly or otherwise available to Dare.

9.    Chicago Title objects to the Document Demands to the extent that they seek evidence that is not admissible and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Chicago Title objects to the Document Demands to the extent that they call for a legal conclusion.

11.    Chicago Title objects to the Document Demands to the extent they assume disputed facts or legal conclusions; Chicago Title does not admit any such disputed facts or legal conclusions, and any response provided by Chicago Title with respect to any such Document Demand is without prejudice to this objection.

12.    Chicago Title objects to the Document Demands to the extent they are vexatious and harassing.

13.    Chicago Title objects to the Document Demands to the extent they prematurely seek responses related to possible expert testimony or opinion at a time when no experts have been designated.

14.    Chicago Title objects to the Document Demands to the extent they seek information that can be found in the pleadings in this action.

15.    Chicago Title objects to the Document Demands to the extent they fail to state with sufficient particularity or clarity the information and categories of information to be provided.

16.    Chicago Title's decision to provide information in response to the Document Demands should and shall not be construed as:

    a.    an admission that the information is relevant;

    b.    a waiver of any of Chicago Title's general objections or objections asserted in response to a specific request; or

    c.    an agreement that a request for similar information in this or any other related proceedings will be treated in a similar manner.

17.    In responding to the Document Demands, Chicago Title does not in any way waive or intend to waive any privilege or objection, but rather intends to preserve and is preserving the following:

    a.    all objections as to the competency, relevancy, materiality and admissibility of any document demand, Chicago Title's response or the subject matter;

    b.    all objections as to vagueness, ambiguity or other infirmity in the form of the Document Demands and any objections based on the undue burden imposed by the Document Demands;

    c.    all rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d.     all rights to object on any ground to any further Document Demands or other discovery requests involving or related to the subject matter of the Document Demands;

e.     the right to revise, correct, supplement or clarify responses to the Document Demands prior to trial; and

f.     any and all privileges and/or rights under the applicable rule of the Federal Rules of Civil Procedure or other statutes, guidelines, common law or other applicable law.

18.    The failure to object on a particular ground or grounds shall not be construed as a waiver of Chicago Title's right to object on any additional grounds.

19.    Chicago Title objects to all Document Demands seeking Chicago Title's internal documents and communication prior to April 25, 2007, between August 15, 2007 and November 1, 2010, and after November 16, 2010, as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege, work product doctrine, and joint defense/common interest doctrine, as being unduly burdensome, vexatious, and harassing, and as seeking information that is neither relevant to Dare's lone claim for coverage nor reasonably calculated to lead to the discovery of admissible evidence; Chicago Title will not provide such documents and information.

20.    Chicago Title objects to the definition of "Chicago Title" as including "agents, employees, members and agents" as vague, ambiguous, overbroad, and calling for a legal conclusion.  Chicago Title further objects to the definition of "Chicago Title" as including "Horizon Title, David Cohn, [and] Dino Cancellieri" as these individuals/entities are not part of Chicago Title, this firm does not represent them, and Chicago Title will not respond on their behalf.  Horizon Title is also named as a separate defendant by Dare in this action.  Chicago Title further objects to the

definition of "Chicago Title" as including "Riker Danzig and Michael O'Donnell," which seeks information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine, and as being unduly burdensome, vexatious, and harassing; Chicago Title will not provide such information.

21.    Chicago Title objects to the definition of "Claim" as being vague and ambiguous as Dare made two claims to Chicago Title under the title insurance policy at issue. Chicago Title will interpret this definition of "Claim" as referring to both claims.

22.    Chicago Title objects to the definition of "Information," which includes "opinions," as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine.    Chicago Title similarly objects to the definitions of "Communications" and "Complete File," which include the term Information.

23.    Chicago Title objects to the definition of "Financial Information," which is overbroad, unduly burdensome, seeks irrelevant and unnecessary information, is vexatious and harassing, and seeks information that privileged, personal, confidential, or otherwise protected that is not required to be produced.

24.    Chicago Title objects to the definition of "Mocco/Scarpone Claims and Positions" as vague, ambiguous, and incapable of determining what they mean. Chicago Title is not and has not been a party to the referenced litigations, except for the limited time prior to making motions to dismiss in the Mocco state court litigation. Chicago Title certainly is not required to spend countless hours analyzing the voluminous dockets in these litigations (which have been pending since 2002 and 1999)

only to guess at the "positions" to which Dare may be referring. Moreover, given the extreme volume of documents filed in the state court litigation, one cannot obtain from the Clerk's Office all filed documents as they are being kept in a separate location. In addition, this would only include documents that have been filed and not documents and materials produced in the litigation, but not filed with the Court. Thus, Dare's vague, ambiguous, complex, confusing, and broad definition here prevents Chicago Title from providing a meaningful response to Document Demands using said term.

25. Chicago Title objects to the definition of the term "Mocco/Licata Cases" as including "all cases" as being vague, ambiguous, unduly burdensome, vexatious, and harassing. Chicago Title is not and has not been a party to the referenced litigations, except for the limited time prior to making motions to dismiss in the Mocco state court litigation. As set forth above, these litigations are voluminous and not every document is filed with the courts and not every filed document can be obtained. Thus, Dare's vague, ambiguous, complex, confusing, and broad definition here prevents Chicago Title from providing a meaningful response to Document Demands using said term.

26. Chicago Title objects to the definition of "You" as including "parent corporations or holding companies, Your agents, employees, attorneys, accountants, your investigators, anyone else acting on your behalf or for your benefit" as vague, ambiguous, overbroad, unduly burdensome, calling for a legal conclusion or determination, and seeking to place a greater burden on Chicago Title than that imposed by applicable rules and law, and Chicago Title will not provide such information. Chicago Title further objects to the definition of "You" as "specifically" including "Horizon Title and David Cohn" as these individuals/entities are not part of Chicago

Title, this firm does not represent them, and Chicago Title will not respond on their behalf.  Horizon Title is also named as a separate defendant by Dare in this action. Chicago Title further objects to the definition of "Chicago Title" as including "attorneys" as seeking information that is privileged, confidential, or otherwise protected, including but not limited by the attorney-client privilege and work product doctrine, and as including "attorneys" as being unduly burdensome, vexatious, and harassing; Chicago Title will not provide such information.

27.    Chicago Title reserves the right to supplement and/or amend the specific responses set forth below.

## DOCUMENT DEMANDS

1.    Please produce the Complete File relative to Chicago Title Insurance Company's business relationship with Horizon Title Agency, including without limitation Horizon Title Agency's authority to initiate, produce and/or issue policies of title.

**RESPONSE:**

        Chicago Title incorporates its Initial Objections, including without limitations numbers 2, 4, 11, 12, and 19. Chicago Title further objects to this Document Demand based on the terms "Complete File," as incorporating the term "Communication" as set forth in Chicago Title's Initial Object Number 22 above. Chicago Title further objects to this Document Demand to the extent it seeks information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

2.    Please produce Horizon Title's and Chicago Title's underwriting rules, regulations, guidelines, procedures and/or opinions in effect on the Date of the Policy.

**RESPONSE:**

        Chicago Title incorporates its Initial Objections, including without limitations numbers 1, 2, 5, 11, and 19. Chicago Title further objects to this Document

Demand as calling for information from Horizon Title. Chicago Title will only produce underwriting files that Horizon Title produced to Chicago Title. Chicago Title further objects to this Document Demand based on the term "Chicago Title," as set forth in Chicago Title's Initial Object Number 20 above. Chicago Title further objects to this Document Demand as being vague, ambiguous, unduly burdensome, vexatious, and harassing. Chicago Title further objects to this Document Demand as seeking an "opinion" as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

3.    Please produce all Documents that Horizon Title and/or Chicago Title reviewed on or prior to the Date of Policy regarding the Mortgage.

**RESPONSE:**

        Chicago Title incorporates its Initial Objections, including without limitations numbers 2, 5, 8, and 19. Chicago Title further objects to this Document Demand based on the term "Chicago Title," as set forth in Chicago Title's Initial Object Number 20 above. Chicago Title further objects to this Document Demand as calling for information from Horizon Title. Chicago Title will only produce underwriting files that Horizon Title produced to Chicago Title. Subject to and without waiving the

foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

4.    Please produce the Complete File relative to the Policy, including all Communications, negotiations, and reserve information.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 2, 4, 11, 12, and 19. Chicago Title further objects to this Document Demand based on the terms "Complete File" and "Communication" as set forth in Chicago Title's Initial Object Number 22 above. Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Chicago Title further objects to this Document Demand as seeking reserve information, which Chicago Title is under no obligation to and will not produce. Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

5.     Please produce Complete Files, including claims files, relating each Chicago Title insurance policy issued in connection with any property or person involved in the Mocco/Licata Cases.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 1-4, 6, 9, 11, 12, and 19.  Chicago Title further objects to this Document Demand based on the terms "Complete File," "Chicago Title" and "Mocco/Licata Cases" as set forth in Chicago Title's Initial Object Numbers 20, 22 and 25 above.  Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine.  Chicago Title further objects to this Document Demand as over broad, unduly burdensome, vague and ambiguous, including without limitation as to the use of the term "or person involved." Chicago Title further objects to this Document Demand as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Chicago Title further objects to this Document Demand as contrary to the Court's June 29, 2011 Order and Opinion dismissing all of Dare's claims except for an alleged breach of the title insurance policy issued to Dare.  Chicago Title further objects to this Document Demand as violating Justice Zazzali's July 7, 2011 Opinion in the matter styled Mocco, et al. v. Licata, et al., Superior Court of New Jersey, Essex County, Chancery Division, Docket No.: ESX-C-280-98 (the "Mocco State Court Litigation"), deeming certain documents privileged and protected.  Chicago Title further objects to this Document Demand as it is not required to and will not produce

files or claims for other insureds and other title insurance policies. Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

6.    Please produce the terms, conditions, covenants, court orders, etc, as set forth in the United States Bankruptcy Court, District of Connecticut, Bridgeport Division Case No. 02-50852 which You claim were the reason for the loss or damage to Dare.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 1-5, 7, 8, 10, 11, 12, and 19. Chicago Title further objects to this Document Demand based on the terms "You" as set forth in Chicago Title's Initial Object Number 26 above. Chicago Title further objects to this Document Demand as being vague, ambiguous, unduly burdensome, vexatious, and harassing. Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Chicago Title further objects to this Document Demand as seeking a legal conclusion or determination to which no response is required. Subject to and without waiving said objections, it is Chicago Title's position that Dare has suffered no compensatory damages under the title insurance policy and that the burden to establish any such damages is on Dare and not Chicago Title.

Chicago Title is also not required to produce documents equally available to Dare, including without limitation the following documents that may be found on the docket of the in the jointly administered bankruptcy proceedings styled <u>In the matter of First Connecticut Consulting Group Inc.</u>, Docket No. 02-50852, pending in the United States Bankruptcy Court, District of Connecticut (the "Licata Bankruptcy"), between June 2005 and March 2006:  (i) Asset Purchase Agreement signed in or about April 2005, (ii) First Amended Asset Purchase Agreement signed in or about May 2005, (iii) all court orders and decisions approving, authorizing, and implementing those agreements that culminated in the sale of assets pursuant to Section 363 of the Bankruptcy Code, and (iii) the "Vermont Decisions" (defined as the July 27, 2004 Memorandum of Decision issued by the Hon. Colleen A. Brown, United States Bankruptcy Judge, District of Vermont, in the Licata Bankruptcy on transfer to Vermont under Misc. Proceeding No. 04-101 and the March 28, 2006 Opinion and Order issued by the Hon. William K. Sessions, III, Chief Judge, United States District Court, District of Vermont, in the Licata Bankruptcy on transfer to Vermont under Docket No. 2:04-CV-230). Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

7.    Please produce the Complete File relative to the investigations and searches referenced in the Invoice dated April 17, 2006 from Horizon Title Agency to Gordon Duval and the "due diligence" referenced in Item 9 of Schedule B1 of the Policy.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 2, 4, 11, 12, and 19.  Chicago Title further objects to this Document Demand based on the terms "Complete File" as set forth in Chicago Title's Initial Object Number 22 above.  Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Chicago Title further objects to this Document Demand as calling for information from Horizon Title.  Chicago Title will only produce underwriting files that Horizon Title produced to Chicago Title.  Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter.  Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

8.    Please produce the Complete Coverage Investigation File.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 2-4, 6, 11, and 19. Chicago Title further objects to this Document Demand as being vague and ambiguous, including without limitation as to the

undefined term "Complete Coverage Investigation File." Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

9.   Please produce each policy of title insurance in which You stated as fact or opinion the amount remaining due on the insured mortgage.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 1-4, 6, 9, 11, 12, and 19. Chicago Title further objects to this Document Demand based on the term "You" as set forth in Chicago Title's Initial Object Number 26 above. Chicago Title further objects to this Document Demand as being vague, ambiguous, overbroad, unduly burdensome, vexatious, and harassing. Chicago Title further objects to this Document Demand as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Chicago Title further objects to this Document Demand based on the term "opinion" as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine.

Chicago Title further objects to this Document Demand as it is not required to and will not produce information regarding other title insurance policies or other insureds.

10.    Please produce the Complete File of Horizon Title's Financial Information for the period of January 1, 2005 through December 31, 2006.

**RESPONSE:**

   Chicago Title incorporates its Initial Objections, including without limitations numbers 2, 3, 5, 12, and 19. Chicago Title further objects to this Document Demand based on the term "Complete File" as set forth in Chicago Title's Initial Object Number 22 above. Chicago Title further objects to this Document Demand based on the term "Financial Information" as set forth in Chicago Title's Initial Object Number 23 above. Chicago Title further objects to this Document Demand as being overbroad, unduly burdensome, vexatious, and harassing. Chicago Title further objects to this Document Demand as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected. Chicago Title further objects to this Document Demand as calling for information from Horizon Title. Chicago Title will only produce underwriting files that Horizon Title produced to Chicago Title.

18

11.    Please produce all written Communications and Recordings of verbal Communications, by and or between You, Horizon Title Agency, David Cohn, SWJ, Cobra/Ventura and/or any of their employees or agents for the period of January 1, 2005 and the present date.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 2, 5, 12, and 19. Chicago Title further objects to this Document Demand based on the term "Communication" and "You," as set forth in Chicago Title's Initial Object Numbers 22 and 26 above. Chicago Title further objects to this Document Demand based on the term "Recordings" as undefined. Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Chicago Title further objects to this Document Demand as being vague, ambiguous, overbroad, unduly burdensome, vexatious, and harassing. Chicago Title further objects to this Document Demand as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding the sole remaining claim for coverage under the title insurance policy issued to Dare, which Chicago Title is not required to produce. Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

12.    Please produce any Communications, agreements, understandings, proposals or negotiations arising out of or in connection with the Mocco/Licata Cases by or between any of the following:  James Licata, Cynthia Licata, William Mournes, Gordon Duval, David Cohn, Dino Cancellieri, Horizon Title, and Chicago Title.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 1-6, 8, 12, and 19.  Chicago Title further objects to this Document Demand based on the term "Communication," "Chicago Title" and "Mocco/Licata Cases" as set forth in Chicago Title's Initial Object Numbers 20, 22 and 25 above. Chicago Title further objects to this Document Demand as being vague, ambiguous, overbroad, unduly burdensome, vexatious, and harassing, including without limitation through use of the phrase "arising out of or in connection with."  Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine and as protected settlement communications. Chicago Title further objects to this Document Demand in that it is seeking documents regarding other litigation and documents from litigations to which Chicago Title is not a party.  Chicago Title further objects to this Document Demand as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding the sole remaining claim for coverage under the title insurance policy issued to Dare, which Chicago Title is not required to produce.  Chicago Title further objects to this Document Demand as seeking documents outside of Chicago Title's possession and that Dare could obtain with equal or lesser burden or expense than Chicago Title, which Chicago Title is not required to produce.  Chicago Title

further objects to this Document Demand as seeking documents previously provided to Dare as a party to one of the referenced litigations, which documents Chicago Title is not required to reproduce. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

13.    Please produce any statements, affidavits, declarations, certifications and draft copes thereof and testimony or depositions by any agent of Horizon Title and Chicago Title, including David Cohn and Dino Cancellieri, relative to any Mocco/Licata Cases.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 1-6, 8, 12, and 19. Chicago Title further objects to this Document Demand based on the terms "Chicago Title" and "Mocco/Licata Cases" as set forth in Chicago Title's Initial Object Numbers 20 and 25 above. Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Chicago Title further objects to this Document Demand as seeking "drafts" of documents that are privileged an protected. Chicago Title further objects to this Document Demand as being vague, ambiguous, overbroad, unduly burdensome, vexatious, and harassing. Chicago Title further objects to this Document Demand as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Chicago Title further objects to this Document Demand as seeking sworn statements in a litigation in which Dare was party. Chicago Title further objects to this Document Demand as it seeks documents which Dare could

obtain with equal or lesser burden or expense than Chicago Title.  Subject to and without waiving the foregoing, Chicago Title will produce any non-privileged documents reasonably responsive to this request only after entry of an acceptable Consent Confidentiality Order limiting the use and disclosure of such information and documents in this matter.  Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

14.    Please produce all Recordings and Communications relative to the reserve assigned to Dare Investment's claim under the Policy.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 2, 4, and 19.  Chicago Title further objects to this Document Demand based on the terms "Communication" as set forth in Chicago Title's Initial Object Number 22 above.  Chicago Title further objects to this Document Demand as being vague and ambiguous, including without limitation as to the use of the undefined term "Recordings."  Chicago Title further objects to this Document Demand as being overbroad, unduly burdensome, vexatious, and harassing.  Chicago Title further objects to this Document Demand as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine.  Chicago Title further objects to this Document Demand as seeking documents as to reserves, which Chicago Title is not required to and

will not produce. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

15.    Please produce all Documents disclosed in your Disclosure Statement.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without limitations numbers 8, 12, and 19. Subject to and without waiving the foregoing, Chicago Title will produce the underlying Horizon Title underwriting files that were produced to Chicago Title and other documents related to the Dare title insurance policy. Chicago Title is not required to reproduce documents and testimony Dare previously produced and provided to Chicago Title during the coverage investigation. Chicago Title reserves the right to amend, supplement and/or modify this Document Request response with information and/or documents obtained through ongoing investigation and discovery.

16.    Please produce all Documents reviewed, consulted, or relied upon in preparing Your Answers to Interrogatories.

Chicago Title incorporates its Initial Objections, including without limitation numbers 8 and 19. Chicago Title further objects to this Document Demand based on the term "Your" as set forth in Chicago Title's Initial Object Number 26 above. Chicago Title further objects to this Document Demand as seeking information that is privileged, confidential, or otherwise protected, including without limitation by the attorney-client privilege and work product doctrine. Chicago Title further objects to

this Document Demand as seeking documents already in Dare's possession, including

without limitation the documents and testimony Dare previously produced and provided

to Chicago Title during the coverage investigation, which Chicago Title is not required

to reproduce.  Subject to and without waiving the foregoing, Chicago Title will produce

any non-privileged documents reasonably responsive to this request only after entry of

an acceptable Consent Confidentiality Order limiting the use and disclosure of such

information and documents in this matter.  Chicago Title reserves the right to amend,

supplement and/or modify this Document Request response with information and/or

documents obtained through ongoing investigation and discovery.


17.    Please produce all policies of insurance that do or may provide coverage to
Chicago Title for Chicago Title's own errors, omissions or acts and the errors,
omissions or acts of Horizon Title.

**RESPONSE:**

Chicago Title incorporates its Initial Objections, including without

limitations numbers 5, 10, and 19.  Chicago Title further objects to this Document

Demand as it is premature at this stage of the litigation.  Chicago Title further objects

to this Document Demand as being overbroad, unduly burdensome, vexatious, and

harassing.  Chicago Title further objects to this Document Demand as it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence regarding the sole remaining claim for coverage under the title

insurance policy issued to Dare, which Chicago Title is not required to produce.

4173148.4