

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

Michael R. O'Donnell
Partner

Direct:
t: 973.451.8476
f: 973.451.8700
modonnell@riker.com
Reply to: Morristown

December 29, 2011

**Via E-Filing**

Hon. Michael A. Shipp, U.S.M.J.
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:     **Dare Investments, LLC v. Chicago Title Ins. Co.**, Case No.: 10-6088

Dear Judge Shipp:

We represent Chicago Title Insurance Company ("Chicago Title") in the above matter. We make this submission as a follow up to Chicago Title's December 13, 2011 application and the December 19, 2011 telephone conference Your Honor had with counsel, in which Chicago Title sought to have the privilege waived with regard to communications Dare Investments, LLC ("Dare") had with its counsel prior to August 14, 2007. The parties have agreed on the form of the order except as to the language in Paragraph 3 thereof, in which Dare seeks to remove the following language: "or their production made lead to the discovery of relevant and material information pertinent." The parties have come to an impasse on this language, which concerns whether the parties agreed and Your Honor found that the documents at issue are admissible at trial. It is Chicago Title's position that the answer is, no. Attached hereto as Exhibit A is a copy of the proposed order that Chicago Title requests be the form ordered entered by the Court.

As Your Honor undoubtedly recalls, Chicago Title sought to compel production of these attorney-client communications over the objection and assertion of privilege by Dare based on, among other things, the fact that Dare had waived any such protection by turning over the same type of documents to its adversary in another litigation in 2009. Dare agreed to turn over the documents, but would only do so willingly if Chicago Title agreed to stipulate to the admissibility at trial of the documents it was going to produce. Given the early stage of this litigation and that Chicago Title had not seen all the

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Michael A. Shipp, U.S.M.J.
December 29, 2011
Page 2

documents at issue, it could not agree to do so at this juncture. Accordingly, Chicago Title submitted the December 13th application, which is incorporated herein. It was our understanding of the December 19th conference that Your Honor found that the parties had agreed that the privilege had been waived, that Dare was required to produce the attorney-client communications at issue, that the admissibility at trial of such documents (like any other document obtained during discovery) would be decided at or shortly before trial, and that the parties should submit a consent order to that effect, but were free to include any other matters to which they wished to stipulate. During that conference, Dare sought to argue that Chicago Title had agreed to admissibility at trial of the documents at issue by the submission of its December 13 letter brief seeking the turnover of the attorney-client communications, which Chicago Title vehemently disputed.

Attached hereto as Exhibit B is the December 5, 2011 email chain between counsel, in which Chicago Title stated on December 4th: "<u>To be clear, we are not stipulating that attorney-client communications are admissible at trial</u>. They very well may be, but that is something to be determined after the communications are turned over and reviewed. Our agreement is that documents are <u>relevant in the context of discovery only</u> in that they are either relevant <u>or may lead to the discovery of relevant evidence</u>." (Emphasis added.) Dare's counsel stated that admissibility at trial was a "condition of the proposal," to which Chicago Title's counsel responded: "Then we are not in agreement and we will have to file a motion to compel." Dare's counsel then replied: "So, file your Motion, and we will defend in which case you risk not receiving <u>any</u> documents." (Emphasis in original.) This exchange unequivocally shows that there was never any agreement as to the admissibility at trial of such documents and that Dare recognized this and was going to object to any motion to produce the documents. It was not until the December 19th conference that Dare reversed its position and claimed that Chicago Title's application was unnecessary because there was an agreement to produce the documents and a supposed agreement on their admissibility at trial. Such a position flies in the face of the December 5th email exchange and Chicago Title's December 13th application.

Moreover, as set forth above, the Court specifically stated during the December 19th conference that admissibility would be determined at or shortly before trial and did not require that the parties agree now on admissibility of such documents at trial. The language that Chicago Title submits as to Paragraph 3 of the proposed order would read as follows: "The documents and communications between Plaintiff and its counsel prior to August 14, 2007 are relevant and material or their production made lead to the discovery of relevant and material information pertinent to Plaintiff's claims in this action and Defendant's defenses thereto, but the Court has not determined admissibility of such documents and communications for trial at this time and the parties reserve their rights regarding same." Dare's counsel seeks to remove the language that makes clear that Chicago Title only agreed that the documents at issue were relevant for discovery

Hon. Michael A. Shipp, U.S.M.J.
December 29, 2011
Page 3

purposes ("or their production made lead to the discovery of relevant and material information pertinent"), which can only be interpreted as an attempt to argue at a later date that Chicago Title agreed that the documents at issue were relevant for purposes at trial. On this dispute, the parties agree that Your Honor should determine the appropriate language. <u>See</u> December 28, 2011 email chain, attached as Exhibit C hereto.

Thank for your consideration.

Respectfully,

*/s/ Michael R. O'Donnell*

Michael R. O'Donnell

# EXHIBIT A

|   |   |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>             Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise,<br>             Defendants. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 2:10-cv-06088-DRD-MAS<br><br>**CONSENT ORDER FOR WAIVER OF PRE-DENIAL ATTORNEY-CLIENT COMMUNICATIONS** |

Upon Stipulation of the Parties on December 19, 2011, in open Court before the Honorable Magistrate Judge Michael A. Shipp,

**IT IS HEREBY ORDERED** that:

1. Any claims of attorney-client privilege applicable to the communications between Plaintiff Dare Investments LLC and its counsel (including but not limited to the law firms of Jones Waldo and LeClair Ryan, formerly known as St. John & Wayne and Seiden Wayne) prior to August 14, 2007 is hereby waived by Plaintiff;

2. Plaintiff is hereby ordered to produce to Defendant Chicago Title Insurance Company all communications between Plaintiff and its counsel prior to August 14, 2007, except for those communications, if any, that are claimed to be work product privileged or privileged in some respect other than attorney-client privileged, in

which case Plaintiff shall produce a privilege log for such withheld documents or communications;

3. The documents and communications between Plaintiff and its counsel prior to August 14, 2007 are relevant and material or their production made lead to the discovery of relevant and material information pertinent to Plaintiff's claims in this action and Defendant's defenses thereto, but the Court has not determined admissibility of such documents and communications for trial at this time and the parties reserve their rights regarding same;

4. A copy of this Order shall be served upon all answering parties of record via the ECF system.

IT IS SO ORDERED this ___ day of _____, 2011.

_____
The Honorable Michael A. Shipp, U.S.M.J.

**THE UNDERSIGNED COUNSEL FOR THE PARTIES HEREBY CONSENT TO THE FORM AND ENTRY OF THIS ORDER:**

**RIKER, DANZIG, SCHERER, HYLAND & PERETTI LLP**
Attorneys for Defendant
Chicago Title Insurance Company

By:_____
Michael R. O'Donnell, Esq.

**HUMPHREY LAW LLC**
Attorney for Plaintiff
Dare Investments LLC

By:_____
Christopher C. Humphrey, Esq.

**THE STROJNIK FIRM LLC**
Attorney for Plaintiff
Dare Investments LLC

By:_____
Peter Kristofer Strojnik, Esq.

Dated this ____ day of December, 2011.

4195401.2

# EXHIBIT B

## Sanchez, Jorge

| | |
|---|---|
| **From:** | strojnik@skplaw.com |
| **Sent:** | Monday, December 05, 2011 1:39 PM |
| **To:** | O'Donnell, Michael |
| **Cc:** | 'chumphreylaw@gmail.com'; 'Strojnik@aol.com'; 'paul.drobbin@leclairryan.com'; 'GPratt@JonesWaldo.com'; Freijomil, Derrick; strojnik@skplaw.com |
| **Subject:** | RE: Dare Investments v. Chicago Title |

As it stands, I will certify to your lack of attempt to meet and confer and will advise the Court of your unplanned telephone call to me minutes before I was entering a meeting. **Don't do that again**. Your hard line stance that there will be no agreements if I insist on something is preposterous and outright laughable. That is why the meet and confer requirement is there. You know my availability. This conversation is over until then. I strongly encourage you rethink your tantrum like position.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Phoenix Tel. 602.510.9409
Phoenix Fax. 602.264.1441

# THE STROJNIK FIRM LLC

http://www.skplaw.com
Commercial Litigation & Employment Law

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

> -------- Original Message --------
> Subject: RE: Dare Investments v. Chicago Title
> From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
> Date: Mon, December 05, 2011 11:04 am
> To: "'strojnik@skplaw.com'" <strojnik@skplaw.com>
> Cc: "'chumphreylaw@gmail.com'" <chumphreylaw@gmail.com>,
> "'Strojnik@aol.com'" <Strojnik@aol.com>,
> "'paul.drobbin@leclairryan.com'" <paul.drobbin@leclairryan.com>,
> "'GPratt@JonesWaldo.com'" <GPratt@JonesWaldo.com>, "Freijomil, Derrick"
> <dfreijomil@RIKER.com>
>
> Peter:
>
> If you are going to insist that we agree that certain documents are admissible at trial at this point
> in the litigation as condition of the turnover of those documents, then thirty seconds is about all
> we need to talk. If not, you can call me anytime today until about 10PM EST.
>
> Mike
>
>> -----Original Message-----
>> From: strojnik@skplaw.com [mailto:strojnik@skplaw.com]
>> Sent: Monday, December 05, 2011 11:55 AM
>> To: O'Donnell, Michael
>> Cc: 'chumphreylaw@gmail.com'; 'Strojnik@aol.com'; 'paul.drobbin@leclairryan.com';
>> 'GPratt@JonesWaldo.com'; Freijomil, Derrick
>> Subject: RE: Dare Investments v. Chicago Title

12/29/2011

This will confirm our 30-second conversation from earlier this morning in which you indicated your refusal to meet and confer, and your intention of briefing the issue.

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM L.L.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Phoenix Tel. 602.510.9409
Phoenix Fax. 602.264.1441

# THE STROJNIK FIRM LLC

http://www.skplaw.com
Commercial Litigation & Employment Law

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Dare Investments v. Chicago Title
From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
Date: Mon, December 05, 2011 6:39 am
To: "'strojnik@skplaw.com'" <strojnik@skplaw.com>
Cc: "'chumphreylaw@gmail.com'" <chumphreylaw@gmail.com>,
"'Strojnik@aol.com'" <Strojnik@aol.com>,
"'paul.drobbin@leclairryan.com'" <paul.drobbin@leclairryan.com>,
"'GPratt@JonesWaldo.com'" <GPratt@JonesWaldo.com>, "Freijomil, Derrick"
<dfreijomil@RIKER.com>

Peter K:

We cannot agree to stipulate to admissibility at trial of documents, some of which we may have never seen and at a time when we are in the infancy of discovery. I believe this is our only disagreement on production. I am around all day if you would like to discuss how we can resolve this issue.

Mike

-----Original Message-----
**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Sunday, December 04, 2011 8:08 PM
**To:** O'Donnell, Michael
**Cc:** 'chumphreylaw@gmail.com'; 'Strojnik@aol.com'; 'paul.drobbin@leclairryan.com';
'GPratt@JonesWaldo.com'; Freijomil, Derrick; strojnik@skplaw.com
**Subject:** RE: Dare Investments v. Chicago Title

Mike,

There is no need to announce to me your intentions. I do not subscribe to talk unless you are reaching out to meet and confer. So, file your Motion, and we will defend in which case you risk not receiving *any* documents. Or, you can accept our generous offer and consider it a victory. It is astounding you would reject our generosity and cause everyone to incur time and expense, including the Court, but I am sure your decision is well thought-out and considers risk versus benefit. <u>Just be prepared to wind up with nothing.</u>

Once you file, can you e-mail me a copy, as I am not on the ECF list for some reason or another.

12/29/2011

If you still want a sit-down, let me know and I'll make myself available. <u>Don't over-think this, Mike</u>. Thanks a bunch.

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM L.L.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Phoenix Tel. 602.510.9409
Phoenix Fax. 602.264.1441

## THE STROJNIK FIRM LLC

http://www.skplaw.com
Commercial Litigation & Employment Law

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Dare Investments v. Chicago Title
From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
Date: Sun, December 04, 2011 2:44 pm
To: "'strojnik@skplaw.com'" <strojnik@skplaw.com>
Cc: "'chumphreylaw@gmail.com'" <chumphreylaw@gmail.com>,
"'Strojnik@aol.com'" <Strojnik@aol.com>,
"'paul.drobbin@leclairryan.com'" <paul.drobbin@leclairryan.com>,
"'GPratt@JonesWaldo.com'" <GPratt@JonesWaldo.com>, "Freijomil, Derrick"
<dfreijomil@RIKER.com>

Peter K.:

Then we are not in agreement and we will have to file a motion to compel.

Mike

-----Original Message-----
**From:** Peter Strojnik [mailto:strojnik@skplaw.com]
**Sent:** Sunday, December 04, 2011 4:37 PM
**To:** O'Donnell, Michael
**Subject:** Re: Dare Investments v. Chicago Title

I believe that was a condition of the proposal.
Sent from my Verizon Wireless Blackberry

**From:** "O'Donnell, Michael" <MODONNELL@RIKER.com>
**Date:** Sun, 4 Dec 2011 16:35:50 -0500
**To:** 'strojnik@skplaw.com'<strojnik@skplaw.com>;
'chumphreylaw@gmail.com'<chumphreylaw@gmail.com>
**Cc:** GPratt@JonesWaldo.com<GPratt@JonesWaldo.com>;
paul.drobbin@leclairryan.com<paul.drobbin@leclairryan.com>;
Freijomil, Derrick<dfreijomil@RIKER.com>;
'Strojnik@aol.com'<Strojnik@aol.com>
**Subject:** RE: Dare Investments v. Chicago Title

To be clear, we are not stipulating that attorney-client communications are admissible at trial. They very well may be, but that is something to be determined after the communications are turned over and reviewed. Our agreement is that documents are relevant in the context of discovery only in that they are either relevant or may lead to the discovery of relevant evidence.

-----Original Message-----
**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Sunday, December 04, 2011 4:18 PM
**To:** O'Donnell, Michael; 'chumphreylaw@gmail.com'
**Cc:** GPratt@JonesWaldo.com; paul.drobbin@leclairryan.com; Freijomil, Derrick; 'Strojnik@aol.com'
**Subject:** RE: Dare Investments v. Chicago Title

Mike,

Thank you for accepting our proposal made in our correspondence dated December 2, 2011. I will be happy to parse through the documents that are the subject of the 12-2-11 correspondence. I do kindly ask that you be patient with me this week, as I have arguments all week and am expected in California on Wednesday and Friday on separate matters. I am also undertaking my father's pending matters as you well know. I will do the best I can to get the information to you this week. Thank you in advance for your understanding and enjoy the remainder of your weekend.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Phoenix Tel. 602.510.9409
Phoenix Fax. 602.264.1441

## THE STROJNIK FIRM LLC

http://www.skplaw.com
Commercial Litigation & Employment Law

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Dare Investments v. Chicago Title
From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
Date: Sun, December 04, 2011 2:07 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>,
"'chumphreylaw@gmail.com'" <chumphreylaw@gmail.com>
Cc: "GPratt@JonesWaldo.com" <GPratt@JonesWaldo.com>,
"paul.drobbin@leclairryan.com"

<paul.drobbin@leclairryan.com>,
"Freijomil, Derrick" <dfreijomil@RIKER.com>,
"'Strojnik@aol.com'"
<Strojnik@aol.com>

Peter K. and Chris:

As long as the agreement to produce the alleged privileged communications between Mr. McCloskey and his counsel pertains to all communications with the firms of Jones Waldo and LeClair Ryan, formerly known as Seiden Wayne and not just Messrs. Pratt and Williams, your proposal is acceptable. With that, we would request that all communications be produced by Dare and its counsel without further delay, including but not limited to the documents bated-stamped D10002556-2648 referred to in my letter of July 26, 2007 to Joseph Lagrotteria of Seiden Wayne.

Mike

-----Original Message-----
**From:** Strojnik@aol.com [mailto:Strojnik@aol.com]
**Sent:** Friday, December 02, 2011 6:40 PM
**To:** O'Donnell, Michael; Freijomil, Derrick
**Cc:** GPratt@JonesWaldo.com; paul.drobbin@leclairryan.com; strojnik@skplaw.com; rmccloskey@mail.com
**Subject:** Dare Investments v. Chicago Title

Please see attached.

Peter Strojnik
STROJNIK, P.C.
2415 East Camelback Road Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail ps@strojnik.com

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

12/29/2011

CONFIDENTIALITY NOTICE: This e-mail contains information that is
privileged and confidential and subject to legal restrictions and penalties
regarding its unauthorized disclosure or other use. You are prohibited
from copying, distributing or otherwise using this information if you are not
the intended recipient. If you have received this e-mail in error, please
notify us immediately by return e-mail and delete this e-mail and all
attachments from your system. Thank You.

# EXHIBIT C

**Sanchez, Jorge**

---

**From:** O'Donnell, Michael
**Sent:** Wednesday, December 28, 2011 4:01 PM
**To:** 'strojnik@skplaw.com'
**Cc:** chumphreylaw@gmail.com; Freijomil, Derrick; strojnik@aol.com
**Subject:** RE: Dare v Chicago Title

We will submit a letter to the Court outlining our differences on paragraph 3.

Mike


-----Original Message-----
From: strojnik@skplaw.com [mailto:strojnik@skplaw.com]
Sent: Wednesday, December 28, 2011 1:48 PM
To: O'Donnell, Michael
Cc: chumphreylaw@gmail.com; Freijomil, Derrick; strojnik@aol.com
Subject: RE: Dare v Chicago Title

> I'll sign the attached, which is taken verbatim from your filing.
>
> Dare's claim must fail. Second, this information is obviously relevant and material to
> the veracity of Dare's coverage claims and Chicago Title's defenses thereto. Third, In
>
> If you cannot sign this, let's make sure we make the Court aware that the language I suggest is taken
> verbatim from your filing, and you are recanting your representations to the Court. See Rule 11. We are in
> agreement on everything else.
>
> Thank you for observing my family time with thirteen e-mails.
>
> Peter Kristofer Strojnik, Esq.
> THE STROJNIK FIRM L.L.C.
> Esplanade Center III, Suite 700
> 2415 East Camelback Road
> Phoenix, Arizona 85016
> Phoenix Tel. 602.510.9409
> Phoenix Fax. 602.264.1441
>
> THE STROJNIK FIRM LLC
>
> http://www.skplaw.com
> Commercial Litigation & Employment Law
>
>
> Confidentiality Notice: The information contained in this electronic e-mail and any accompanying
> attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If
> any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is
> strictly prohibited, and may be unlawful. If you have received this communication in error, please
> immediately notify the sender by return e-mail, and delete the original message and all copies from your
> system. Thank you.
>
>
>         -------- Original Message --------
>         Subject: RE: Dare v Chicago Title
>         From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
>         Date: Wed, December 28, 2011 11:22 am
>         To: "'strojnik@skplaw.com'" <strojnik@skplaw.com>
>         Cc: "chumphreylaw@gmail.com" <chumphreylaw@gmail.com>, "Freijomil,
>         Derrick" <dfreijomil@RIKER.com>, "strojnik@aol.com" <strojnik@aol.com>
>
>         Peter:
>
>         Although we did not agree with them, we accepted all of your revisions
>         except for paragraph 3. Even there, we have accepted some, if not most, of
>         your edits. I still believe that there is a chance we can resolve this among
>         ourselves. Thus, attached is another revision to paragraph 3 that I hope
>         addresses your concerns.
>
>         As to a call, I am not going to set a conference call for 10 EST during a
>         holiday week that I am suppose to be on vacation although I do come into
>         the office for some of the day. In the same vein, I also do not want to intrude
>         on your time with your family. We can talk Tuesday after you return from
>         your vacation if you think that will be productive. But we truly are at impasse
>         if you are insisting that we waived our rights to forever object to the
>         attorney-client communications Dare produces based on relevancy and
>         materiality. Again, that is not to say we will object, just that it is an issue for
>         trial. Let me know what you want to do. I am fine with sending the attached
>         Order to the Court and outlining our dispute on paragraph 3 and letting
>         Magistrate Shipp call it.
>
>         Mike
>
>         -----Original Message-----
>         From: Peter Strojnik [mailto:strojnik@skplaw.com]
>         Sent: Tuesday, December 27, 2011 6:48 PM

12/29/2011

To: O'Donnell, Michael
Cc: chumphreylaw@gmail.com; Freijomil, Derrick; strojnik@aol.com
Subject: Re: Dare v Chicago Title

Ha! I have a 7-month old and 2 year old. They wake the roosters up. How about this, 7pm pst any day this week except tonight.
Sent from my Verizon Wireless Blackberry

-----Original Message-----
From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
Date: Tue, 27 Dec 2011 18:11:33
To: strojnik@skplaw.com<strojnik@skplaw.com>
Cc: chumphreylaw@gmail.com<chumphreylaw@gmail.com>; Freijomil, Derrick<dfreijomil@RIKER.com>; strojnik@aol.com<strojnik@aol.com>
Subject: Re: Dare v Chicago Title

How about the morning before your family is up?

Sent from my iPad

On Dec 27, 2011, at 6:10 PM, "Peter Strojnik" <strojnik@skplaw.com> wrote:

> Same time both nights, days are full of family activities. Pick one
> and advise. Sent from my Verizon Wireless Blackberry
>
> -----Original Message-----
> From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
> Date: Tue, 27 Dec 2011 17:59:54
> To: strojnik@skplaw.com<strojnik@skplaw.com>
> Cc: chumphreylaw@gmail.com<chumphreylaw@gmail.com>; Freijomil,
> Derrick<dfreijomil@RIKER.com>; strojnik@aol.com<strojnik@aol.com>
> Subject: Re: Dare v Chicago Title
>
> Not tonight. Provide alternative times tomorrow or Thursday
>
> Sent from my iPad
>
> On Dec 27, 2011, at 4:45 PM, "Peter Strojnik" <strojnik@skplaw.com>
> wrote:
>
>> I'm inconveniencing myself so that the case is not delayed. You
>> should do the same. Sent from my Verizon Wireless Blackberry
>>
>> -----Original Message-----
>> From: "O'Donnell, Michael" <MODONNELL@RIKER.com>
>> Date: Tue, 27 Dec 2011 16:34:32
>> To: strojnik@skplaw.com<strojnik@skplaw.com>
>> Cc: chumphreylaw@gmail.com<chumphreylaw@gmail.com>; Freijomil,
>> Derrick<dfreijomil@RIKER.com>; strojnik@aol.com<strojnik@aol.com>
>> Subject: Re: Dare v Chicago Title
>>
>> That is 11PM my time and not acceptable. Please give alternative
>> times this week during the workday or a time next week
>>
>> Sent from my iPad
>>
>> On Dec 27, 2011, at 4:17 PM, "Peter Strojnik"
>> <strojnik@skplaw.com><mailto:strojnik@skplaw.com>> wrote:
>>
>> I agree the content of the e-mail is not helpful for your client.
>> That was your own doing though, and I'm sorry I cannot help you. You
>> have my concise notes in writing. Fyi, if all caps are offensive to
>> you, understand Blackberry keyboards cannot italicize.
>>
>> If you feel a conversation is in order, I can speak with you tonight
>> at 8:00 PST.
>>
>> Peter
>> Sent from my Verizon Wireless Blackberry
>> _____
>> From: "O'Donnell, Michael"
>> <MODONNELL@RIKER.com><mailto:MODONNELL@RIKER.com>>
>> Date: Tue, 27 Dec 2011 15:34:40 -0500
>> To: 'strojnik@skplaw.com<mailto:strojnik@skplaw.com>'<strojnik@skplaw.com><mailto:strojnik@skplaw.com>>;
'chumphreylaw@gmail.com<mailto:chumphreylaw@gmail.com>'<chumphreylaw@gmail.com><mailto:chumphreylaw@gmail.com>>
>> Cc: Freijomil, Derrick<dfreijomil@RIKER.com><mailto:dfreijomil@RIKER.com>>;
strojnik@aol.com<mailto:strojnik@aol.com><strojnik@aol.com><mailto:strojnik@aol.com>>
>> Subject: RE: Dare v Chicago Title
>>
>> Peter:
>>
>> Are you available to discuss the Order on Tuesday after you return
>> from vacation? The email exchange is not helpful at this time. Your
>> caps, characterizing my concerns as "irrational," and insisting that

>> we have made admissions that "ice" your case only make matters worse.
>> Another alternative could be that I will submit the Order to the
>> Court and identify where we reached agreement and what remains in
>> dispute. Which do you prefer?
>>
>> Mike
>>
>> -----Original Message-----
>> From: Peter Strojnik [mailto:strojnik@skplaw.com]
>> Sent: Tuesday, December 27, 2011 3:13 PM
>> To: O'Donnell, Michael;
>> 'chumphreylaw@gmail.com<mailto:chumphreylaw@gmail.com>'
>> Cc: Freijomil, Derrick; strojnik@aol.com<mailto:strojnik@aol.com>;
>> <mailto:strojnik@skplaw.com> strojnik@skplaw.com<mailto:strojnik@skplaw.com>
>> Subject: Re: Dare v Chicago Title
>>
>> Wrong. We are addressing YOUR irrational concerns. We have no
>> concerns, as it was you who agreed to the relevance and materiality
>> of documents that ice our reasonable expectations in your zeal to add
>> 2.0 to the right hand column. Furthermore, you changed paragraph 3
>> again other than the suggested language re admissibility. Your
>> concerns were admissibility, so you agreed to the language that the
>> court has not determined admissibility at this time. Take out "as
>> they relate to discovery pertinent to" language and leave it alone,
>> resend and I'll approve. The language I suggested Friday cures your
>> SOLE concern of admissibility, as you conceded, admitted and put into
>> writing. If you'd like, I can resend our last agreed draft.
>>
>> Alternatively, you can choose to refuse to file anything against the
>> Court's wishes. We already have your "relevant and material"
>> admission in the doc. 64 filing.
>>
>> Peter Kristofer Strojnik, Esq.
>> Sent from my Verizon Wireless Blackberry
>> _____
>> From: "O'Donnell, Michael"
>> <MODONNELL@RIKER.com><mailto:MODONNELL@RIKER.com>>
>> Date: Tue, 27 Dec 2011 11:36:06 -0500
>> To: 'strojnik@skplaw.com<mailto:strojnik@skplaw.com>'<strojnik@skplaw.com><mailto:strojnik@skplaw.com>>;
>> 'chumphreylaw@gmail.com<mailto:chumphreylaw@gmail.com>'<chumphreylaw@gmail.com><mailto:chumphreylaw@gmail.com>>
>> Cc: Freijomil, Derrick<dfreijomil@RIKER.com><mailto:dfreijomil@RIKER.com>>
>> Subject: Dare v Chicago Title
>>
>> Counsel:
>>
>> Please review the Consent Order. I revised paragraph 3 to address
>> Mr. Strojnik's concerns. Let me know if I can sends it to the Court
>> this week.
>>
>> Mike
>>
>>
>> Michael O'Donnell, Esq.
>> Riker, Danzig, Scherer, Hyland & Peretti LLP
>> Headquarters Plaza
>> One Speedwell Avenue
>> Morristown, New Jersey 07962-1981
>> t: 973.451.8476
>> f: 973.451.8700 MOdonnell@riker.com<mailto:MOdonnell@riker.com>
>>
>> _____
>> IRS CIRCULAR 230 DISCLOSURE:
>> To ensure compliance with requirements imposed by the IRS, we inform
>> you that any U.S. federal tax advice contained in this communication
>> (including any attachments) is not intended or written to be used,
>> and cannot be used, for the purpose of (i) avoiding penalties under
>> the Internal Revenue Code or (ii) promoting, marketing or
>> recommending to another party any transaction or matter addressed
>> herein.
>>
>> CONFIDENTIALITY NOTICE: This e-mail contains information that is
>> privileged and confidential and subject to legal restrictions and
>> penalties regarding its unauthorized disclosure or other use. You are
>> prohibited from copying, distributing or otherwise using this
>> information if you are not the intended recipient. If you have
>> received this e-mail in error, please notify us immediately by return
>> e-mail and delete this e-mail and all attachments from your system.
>> Thank You.

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. You are prohibited from copying, distributing or otherwise using this information if you are not the intended recipient. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank You.