# THE STROJNIK FIRM LLC

ATTORNEYS AT LAW

ESPLANADE CENTER III, 2415 EAST CAMELBACK ROAD, SUITE 700, PHOENIX, ARIZONA 85016

PHONE: 602.510.9409 | FAX: 602.264.1441 | WEBSITE: WWW.SKPLAW.COM

**December 30. 2011**

The Honorable Michael A. Shipp, U.S.M.J.
United States District Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

**VIA ELECTRONIC FILING**

> Re:   Plaintiff's Response to Defendant's 12.29.11 Letter (Doc. 71)
>       <u>Dare Investments LLC v. Chicago Title Insurance Company,</u>
>       No. 2:10-cv-06088-DRD-MAS

Dear Judge Shipp:

My Firm represents the interests of Plaintiff Dare Investments LLC in the matter above styled.  Please allow this correspondence to serve as Plaintiff's Response in Opposition to Defendant Chicago Title Insurance Co.'s correspondence filed on December 29, 2011 (Doc. 71).  It should be noted that Doc. 71 was <u>not</u> a joint filing, as Chicago Title unusually references.  Plaintiff also respectfully requests this honorable Court sanction Defendant and its counsel for this unnecessary filing, the subject of which breaches previous open court agreements and Doc. 64 representations made by Chicago Title.

**I.   SUMMARY OF CHICAGO TITLE'S BREACH OF 12-19-11 OPEN COURT AGREEMENT AND RECANTATION OF DOC. 64 REPRESENTATION TO THE COURT**

Chicago Title sought attorney-client privileged documents in its Doc. 64 filing.  In its enthusiastic argument seeking the documents, Chicago Title argued that the documents are "*obviously relevant and material to the veracity of Dare's coverage claims and Chicago Title's defenses thereto*."  <u>See</u> Doc. 64 at 5 (emphasis supplied).  On December 19, 2011, this Court heard the parties' discussion on the issue and noted that the parties appeared to already be in agreement.  Indeed, the parties were.  As the Court witnessed in open Court, Dare agreed to produce the privileged documents and Chicago Title agreed the documents were "relevant and material" to Dare's coverage claims.  The Court thereafter instructed the Parties to produce a written agreement stating the same.

Since the 12-19-11 Conference, the parties have agreed on a written Consent Order except for Paragraph 3. Dare proposes a paragraph 3 that reflects the Parties open court agreement and Chicago Title's Doc. 64 representations to the Court, to wit:

> The documents and communications between Plaintiff and its counsel prior to August 14, 2007 *are relevant and material to Plaintiff's claims in this action and Defendant's defenses thereto*, but the Court has not determined admissibility of such documents and communications for trial at this time and the parties reserve their rights regarding the same.

(emphasis supplied); accord Doc. 64 at 5 (Chicago Title's argument the documents are relevant and material to Dare's coverage claims and Chicago Title's defenses thereto).

However, Chicago Title now breaches the open court agreement and recants its Doc. 64 representations to the Court by claiming the documents only "may lead to" relevant and material information instead of simply being relevant. See Doc. 71 at Ex. A at ¶3 ("their production made [sic] lead to the discovery of relevant and material information…").

As will be discussed below, Chicago Title's open court agreement and Doc. 64 representation that the documents are "relevant and material", as opposed to "*may lead to*" relevant and material documents, has a very specific meaning pursuant to Rule 401, Federal Rules of Evidence. Furthermore, Chicago Title's purported, alleged concerns of admissibility are strange because these irrational concerns are alleviated by FRE 402-403 and the language "but the Court has not determined admissibility…" Dare agrees to in Paragraph 3.

## II. ARGUMENT AND SUPPORTING LAW

### A. Chicago Title Agreed the Privileged Documents Are Relevant

In Doc. 64 and again in open Court, Chicago Title agreed that the privileged documents are "*obviously relevant and material to the veracity of Dare's coverage claims and Chicago Title's defenses thereto*." Doc. 64 at 5 (emphasis supplied).

### B. The Term "Relevant" Has a Specific Legal Meaning

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action." Rule 401, Federal Rules of Evidence.

In their enthusiasm to acquire the privileged documents, Defendant conceded the privileged documents are "obviously relevant to the veracity of Dare's coverage claims and Chicago Title's defenses thereto." Doc. 64 at 5. Defendant agreed in open court the documents are relevant, not that they "may lead to" relevant documents.

C.   **Chicago Title Changes Its Written Statements and Oral Open Court Agreement From "Relevance" To "May Lead to the Discovery of Relevant Information"**

Defendant Chicago Title seeks the Court to sign off on the following language in Paragraph 3 of their proposed Order:

> 3.   The documents and communications between Plaintiff and its counsel prior to August 14, 2007 are relevant and material or their production made lead to the discovery of relevant and material information pertinent to Plaintiff's claims in this action and Defendant's defenses thereto, but the Court has not determined admissibility of such documents and communications for trial at this time and the parties reserve their rights regarding same;

Chicago Title's suggested language that the documents "may lead to the discovery of relevant and material information" is <u>not</u> what they argued in Doc. 64 and <u>not</u> what they agreed to in open Court.  This added language changes their agreement that the documents are relevant to a new, unilateral agreement that the documents are only discoverable.

D.   **Chicago Title's Concern the Language To Which They Agreed Could Be Interpreted to Mean Admissibility Is Unreasonable and Unwarranted for Two Reasons**

In Chicago Title's Doc. 71 filing, it outlines its main concern: "The parties have come to an impasse on this language, which concerns whether the parties agreed and Your Honor found that the documents at issue are admissible at trial."  It is paradoxical why Chicago Title has this concern, but Dare suspects Chicago Title is attempting the old "hi-low" on this honorable, federal Court by having the Court focus on Chicago Title's unreasonable concern of admissibility when it attempts to stealthily slip "may lead to" language into Paragraph 3.  See *supra*.

The first reason Chicago Title's alleged[1] concern of admissibility is unreasonable is because both Parties agree to the language "but the Court has not determined admissibility of such documents and communications for trial and this time…" *Supra*.

The second reason Chicago Title's purported concerns are strange is because relevance is but one factor in a Court's determination of admissibility of evidence.  As FRE 402-403 outlines, relevant evidence may not be admissible based upon other Rules of Evidence or upon other factors.

---

[1] The term "alleged" is used because Doc. 71 is no doubt a delay tactic used as a precursor to delay discovery in an attempt to postpone the January 9 depositions. This "dispute" was brought up during Christmas and at a time when Defendant knew Plaintiff's counsel was on holiday with his family. Plaintiff has no doubt the next Chicago Title filing will be requesting to postpone the January 9 depositions.

E.  **Chicago Title's "May Lead To" Language Should Be Stricken As Not Part of the Parties Open Court Agreement and Contrary to Chicago Title's Prior Representations (Doc. 64) to this Honorable Court**

Since Chicago Title cannot honor their prior agreements, Plaintiff Dare Investments LLC respectfully requests the Court sign a consent Order reflecting the agreement. Since the parties agree to the language in Paragraphs 1-2, and 4 in the Consent Order, paragraph 3 should read as follows (which simply strikes the "may lead to" language):

> The documents and communications between Plaintiff and its counsel prior to August 14, 2007 are relevant and material to Plaintiff's claims in this action and Defendant's defenses thereto, but the Court has not determined admissibility of such documents and communications for trial at this time and the parties reserve their rights regarding the same.

A proposed form of Order reflecting the same is attached as Exhibit 1.

F.  **Plaintiff Humbly Requests Chicago Title's Counsel Be Sanctioned For This Unnecessary Use of Court Resources**

The Doc. 71 filing has been thoroughly dissected and concisely demonstrated to be unwarranted as a breach of the Parties' agreement. It is nothing more than a delay tactic and a precursor to a future filing to postpone the January 9, 2012 depositions. There is no doubt Chicago Title will attempt to use the contingent resolution of this non-issue as a reason to postpone a second round of attempted depositions.

By his signature below, Plaintiff's Counsel Peter Kristofer Strojnik certifies under penalty of perjury that he is currently on holiday with his family and spent eight (8) hours (while on holiday) reviewing Chicago Title's 19-page submission and responding to the same. Counsel bills out at $350.00 per hour for his Arizona (as opposed to California) cases. Chicago Title's counsel should be sanctioned in the amount of $2,800.00.

III.   **CONCLUSION AND PRAYER FOR RELIEF**

Plaintiff believes the transparency of Doc. 71 does not warrant a telephonic conference, and respectfully requests this honorable Court sign the attached proposed Order. However, if the Court believes a conference is appropriate, the undersigned humbly asks it be postponed until 2012 after counsel's brief holiday has ended.

| Very Truly Yours, | Very Truly Yours, |
|---|---|
| | */s/ Christopher Humphrey* |
| Peter Kristofer Strojnik | Christopher Humphrey |

CC:

Mike O'Donnell
Derick Freijomil
Jonathan Sandler
Via e-mail and ECF