

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Michael R. O'Donnell**
Partner

Direct:
t: 973.451.8476
f: 973.451.8669
modonnell@riker.com
Reply to: Morristown

January 4, 2012

**VIA ELECTRONIC FILING**
Hon. Michael A. Shipp, U.S.M.J.
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:    <u>Dare Investments, LLC v. Chicago Title Ins. Co.</u>, Case No.: 10-6088

Dear Judge Shipp:

We represent Chicago Title Insurance Company ("Chicago Title") and write in response to the December 30, 2011 submission on behalf of Dare Investments, LLC ("Dare"). We also write to catalogue the issues pending before Your Honor and to note additional scheduling and related issues given the motion pending before the Court seeking to preclude Dare's current counsel from representing Dare in this matter.

<u>Response to Dare's December 30th Submission</u>

But for Dare's unfounded and improper request for sanctions, Chicago Title would not even respond to Dare's submission as it raises no meritorious response to Chicago Title's December 29, 2011 application [Doc. No. 71].[1] The first sentence of the last paragraph on page 3 of Dare's December 30th submission [Doc. No. 72] now makes clear that Dare is seeking to conjure up some farcical agreement that Chicago Title agreed that the documents at issue (Dare's communications with its counsel) are all relevant for trial purposes – when Chicago Title had never even seen many of those documents at the time and a large number of those documents <u>still have not been produced</u>. Such a claim is flatly incorrect as Chicago Title never agreed to trial relevance as to those documents.

First, as set forth in Chicago Title's December 29th submission and the attached email chain (Exhibit B thereto), Chicago Title explicitly told Dare on December 4, 2011, that it was <u>not</u> agreeing to admissibility <u>at trial</u>, <u>nor</u> agreeing that the documents were <u>relevant for trial purposes</u>. Chicago Title, in fact, specifically clarified in its email that the documents were

---

[1] To be clear, Chicago Title's December 29th submission was not styled as a joint submission and clearly states that the parties dispute the portion of Paragraph 3 of the proposed Order. Dare's suggestion to the contrary just further evidences the impropriety of its response.

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Michael A. Shipp, U.S.M.J.
January 4, 2012
Page 2

"relevant <u>in the context of discovery only</u> in that they are either relevant <u>or may lead to the discovery of relevant evidence</u>." (Emphasis added.) This latter phrase is what distinguishes discovery relevance from trial relevance and is the language that Dare seeks to omit from the proposed order. Clearly, then, Chicago Title only agreed to discovery relevance as to the documents at issue.

Second, Chicago Title's December 13, 2011 submission [Doc. No. 64] was a <u>pretrial</u> application (made pursuant to Your Honor's requirements) that sought to compel <u>discovery</u>. Relevance for discovery purposes is obviously broader than for trial purposes and includes not only documents that are relevant, but those that may lead to the discovery of relevant evidence. See Fed. R. Civ. P. 26(b)(2) ("Relevant information need <u>not</u> be admissible at trial if the discovery appears reasonably calculated <u>to lead to the discovery of admissible evidence</u>.") (emphasis added). Chicago Title's statement on page 5 of its December 13th submission that the documents at issue were material and relevant to the claims and defenses in this matter was obviously made in the context of discovery as the application itself was one to compel discovery. Moreover, Dare knew at least as of December 4th that it was Chicago Title's position that it only agreed to <u>discovery</u> relevance (and did <u>not</u> agree to trial relevance).

Third, Chicago Title repeated this position during the conference before Your Honor on December 19, 2011. Indeed, as Your Honor undoubtedly recalls, Chicago Title again clarified during the conference call that it was not agreeing to and could not agree to trial relevance of these documents, many of which it had not seen. In fact, Your Honor readily acknowledged that admissibility at trial of such documents (and any other documents) would be decided at or shortly before trial. Dare's attempt to suggest that Chicago Title made an "open court agreement" as to the relevancy <u>at trial</u> of such documents is fanciful at best.

Finally, this issue is largely academic and irrelevant to the order here. As set forth in Chicago Title's December 29th submission (to which Dare did not respond), Your Honor determined that the parties could include any additional agreement they had in the order, <u>but were not required to do so</u>. Chicago Title obviously does not agree to trial relevance of the documents at issue for much the same reasons it could not at this juncture agree to their admissibility at trial. Thus, the parties agree on the important and necessary portions of the proposed Order (Paragraphs 1-2), and Paragraph 3 of the proposed Order is simply unnecessary and causing further delay in the production of documents that Chicago Title needs in discovery and has been requesting since the beginning of September 2011 in this matter. Accordingly, Chicago Title requests that either the proposed Order it submitted be entered or the same version of the Order striking Paragraph 3 be entered as soon as possible.

<u>Dare's December 26th Submission & Chicago Title's December 27th Response Thereto</u>

There are three requests outstanding in these submissions. The first is Dare's December 26, 2011 submission seeking to compel discovery [Doc. No. 69], which Chicago Title opposed in

Hon. Michael A. Shipp, U.S.M.J.
January 4, 2012
Page 3

its December 27, 2011 response submission [Doc. No. 70]. Suffice it to say that Chicago Title maintains that Dare's request is premature, unfounded, and improper given its outstanding discovery for the reasons set forth in Chicago Title's response.

The second is Chicago Title's request (in its December 27th submission) that Dare cure its discovery deficiencies and respond to Chicago Title's deficiency letter in writing. In particular, Dare must (a) provide supplemental interrogatory responses, (b) identify whether it has produced all the requested documents or is withholding any documents based on objections or its efforts to unilaterally restrict the scope of discovery, and (c) provide a privilege log as to all documents being withheld. As to (b) above, this requires Dare to respond in writing to Chicago Title's December 22, 2011 deficiency letter.[2]

The third is Chicago Title's request (in its December 27th submission) that the January 9, 2012 deposition of Gordon Duval in Utah be adjourned until certain fundamental paper discovery issues are resolved. A preliminary review of Dare's supplemental production made clear that Dare still has not produced (1) all its communications with its counsel prior to August 17, 2007 (and has not logged any that it may be withholding), something it agreed to do since December 19, 2011, or (2) the approximately 5,500 emails it referenced in its November 11, 2011 production letter. Nor did Dare produce the communications its current counsel, Peter Strojnik, had with counsel for Peter Mocco, James Scarpone, which communications Chicago Title sought in discovery and detailed in its December 22nd deficiency letter. In addition, Dare's former counsel (the law firms of Jones Waldo and LeClair Ryan) have not produced attorney-client communications Chicago Title subpoenaed from them based on Dare's assertion of the privilege, which it now has waived. Obviously, Chicago Title needs the order entered to present to those attorneys to produce the subpoenaed documents. Moreover, but less pressing, Chicago Title has outstanding subpoenas for documents to deponents (William Mournes and Cobra/Ventura, Proskauer Rose, Gary Clark and Clark Real Estate, Dan Torkelson, and Shandon Gubler) that it is trying to resolve informally, but may need to seek the assistance of the appropriate Federal Court to enforce. Yet, Dare wants to force Chicago Title proceed with depositions while it has failed to produce these documents and additional discovery remains outstanding. As Your Honor repeatedly has informed the parties, no depositions are to occur until all these paper discovery issues are resolved and documents produced. Conducting the January 9th deposition with these matters outstanding may prejudice the non-party witness in having to appear for another deposition and prejudice Chicago Title in having to fly to Utah for the same. This is particularly so where there are other Utah witnesses

---

[2] During the holiday break last week, Chicago Title received Dare's supplemental document production, which Chicago Title is reviewing. Chicago Title will try to resolve any further deficiencies evidenced by that production with Dare directly before raising the same with the Court. As set forth in Chicago Title's December 27th submission, Dare's supplemental document production does not obviate its obligation to respond in writing to the deficiencies set forth in Chicago Title's December 22nd letter – Chicago Title is not required to decipher whether Dare is correcting the asserted deficiencies or disagreeing with Chicago Title's position, which may require an application to compel.

1/4/2012

Hon. Michael A. Shipp, U.S.M.J.
January 4, 2012
Page 4

(principally Dare's counsel in 2006, attorneys from the Jones Waldo firm) who have to be deposed, but their documents are yet to be turned over.

January 16-18, 2012 Depositions of David Cohn, Richard McCloskey, and Chicago Title Representative & the Discovery End Date

Dare's communications with its counsel prior to August 14, 2007 are critically important to Chicago Title's preparation for these depositions. There, Chicago Title needs sufficient time before these depositions are scheduled to begin on January 16th to have a fair opportunity to review these and other outstanding documents and prepare for these depositions. Thus, if Dare has not produced responsive documents by January 9th, those depositions should also be adjourned. Further, discovery is scheduled to end February 9, 2012, which date should be extended for at least another thirty days given these outstanding issues and that Chicago Title has not proceeded with its depositions in light of the same.

Chicago Title's Motion to Revoke Pro Hac Vice Admissions & Disqualify Counsel

Chicago Title filed the above-motion [Doc. No. 67] seeking to preclude current counsel from representing Dare in this matter based on serious and substantial grounds that started with the application for counsel to appear pro hac vice and has continued into additional proceedings in this matter. The Court has scheduled oral argument on that motion for January 17, 2012. Given this pending motion and the gravity of the matters at issue, Chicago Title believes it is likely that Dare's current counsel will not be permitted to continue as counsel here. Currently, as set forth above, David Cohn of Horizon Title Agency, the policy-issuing agent for Chicago Title, is scheduled to be deposed on January 16th, with Dare's principal, Richard McCloskey, and Chicago Title's 30(b)(6) witness being deposed on January 17 and 18, 2012 respectively. If Chicago Title's motion is granted, the parties will not be able to complete the depositions of Mr. McCloskey and Chicago Title's 30(b)(6) witness. Since the motion is to be heard in less than two weeks, and in light of the serious nature of the ethics claims at issue, Chicago Title suggests that it may be in all parties' interest not to conduct any further depositions until that motion is decided.

Finally, the urgency of this issue has increased in light of Dare's January 3, 2011 submission to Judge Debevoise seeking to adjourn the return date of Chicago Title's motion for more than a month from January 17th to February 21, 2012 (skipping the intervening February 6th motion day). Chicago Title was never asked to and certainly would not agree to adjourn the return date of its motion, and Dare's request to do so is a transparent attempt to have it returnable well after the current discovery cut-off of February 9th. For the reasons set forth above, Chicago Title's motion needs to be decided as soon as possible. Indeed, it will be imperative in this litigation that only counsel permitted to continue litigating this action be the same counsel participating in the depositions in this matter, further supporting the need to have Chicago Title's motion decided before depositions in this matter are conducted.

Hon. Michael A. Shipp, U.S.M.J.
January 4, 2012
Page 5


Thank you for your consideration.

Respectfully,

Michael R. O'Donnell

cc: All counsel of record via ECF

4196895.1

1/4/2012