# THE STROJNIK FIRM LLC

### ATTORNEYS AT LAW

ESPLANADE CENTER III, 2415 EAST CAMELBACK ROAD, SUITE 700, PHOENIX, ARIZONA 85016

PHONE: 602.510.9409 | FAX: 602.264.1441 | WEBSITE: WWW.SKPLAW.COM

**January 4. 2012**

The Honorable Michael A. Shipp, U.S.M.J.
United States District Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

**VIA ELECTRONIC FILING**

> Re:    Plaintiff's Response to Defendant's 01.04.11 Letter (Doc. 75) and
> Supplement (Doc. 77)
> Dare Investments LLC v. Chicago Title Insurance Company,
> No. 2:10-cv-06088-DRD-MAS

Dear Judge Shipp:

My Firm represents the interests of Plaintiff Dare Investments LLC in the matter above styled. Please allow this correspondence to serve as Plaintiff's Response in Opposition to Defendant Chicago Title Insurance Co.'s correspondence (Doc. 75, 77). As will be discussed below and was discussed *ad nauseum* in Doc. 72, Chicago Title cannot be permitted to renege on its agreement that the privileged documents are relevant and material to the veracity of Dare's coverage claims and Chicago Title's defenses thereto. Chicago Title's attempt to caveat its previous concession of "relevance" by transmuting it to "discovery relevance" fails because there is one meaning of relevance (FRE 401) and "relevant" and "discoverable" carry two different meanings. See Pearson, *infra*. Finally, the depositions should not be postponed because Dare has already provided over 144 files of privileged documents and they presented no authority for the postponement of depositions. See FRCP 30(a), *infra*. Mr. Duval, the 1-9-12 deponent, has also fully complied with the subpoena.

## I.    CHICAGO TITLE IS BOUND BY ITS AGREEMENT TO RELEVANCE

### A.    The Federal Rules Do Not Distinguish Between "Trial Relevance" and "Discovery Relevance"; Relevance Has One Meaning, See FRE 401

In the context of discovery, trial or any action in a federal court, relevant evidence has only one definition. Rule 401, Federal Rules of Evidence. Chicago Title's "riddle me this" argument that they only agree the documents are relevant in the context of discovery

is nonsensical.  Chicago Title is arguing (using clever language) that the terms "relevant" and "discoverable" are synonymous.  However, there is a difference between what is "discoverable" pursuant to FRCP 26 and what is "relevant" pursuant to FRE 401.  See e.g. Pearson v. Miller, 211 F.3d 57, 61 (3d Cir. 2000).

Chicago Title's citation to Rule 26(b)(2) [sic] [should be (b)(1)] is a paradoxical fallacy.  Rule 26(b)(1), Federal Rules of Civil Procedure stands for the proposition that even if information is relevant but not admissible, it is still discoverable if it will lead to admissible evidence.  This Rule does not change the definition of relevance.

Chicago Title continues with its fallacious conclusions:

Relevance
for discovery purposes is obviously broader than for trial purposes and includes not only documents that are relevant, but those that may lead to the discovery of relevant evidence.

Doc. 75 at 2.  There are no degrees of relevance.  Evidence is either relevant or it is not.

Finally, Dare agrees that relevance is one hurdle before admissibility at trial can occur.  See Doc. 72 at 3 ("As FRE 402-403 outlines, relevant evidence may not be admissible based upon other Rules of Evidence or upon other factors").  However, evidence remains relevant even though it may not be admissible.

### B. Chicago Title Agreed the Documents Are Relevant and Material

While Chicago Title can dispute what it agreed to in open Court because there is no record of it, its writings cannot be disputed.  When Chicago Title was enthusiastically fighting to obtain the privileged documents, it argued:

Second, this information is obviously relevant and material to the veracity of Dare's coverage claims and Chicago Title's defenses thereto.

It did not argue that the information may lead to admissible evidence or relevant evidence.  That is to say, it did not argue the documents were discoverable.  See Pearson, supra.  They argued the documents were relevant and material to Dare's coverage claims.

### C. Chicago Title's Request That Paragraph 3 Be Stricken Altogether Ignores That "Relevance" Was Part of the Deal

Chicago Title agreed the documents are relevant (as opposed to admissible), which is the "consideration" flowing to Plaintiff.  The "consideration" flowing to Chicago Title is Dare's voluntary waiver of the privilege.  Paragraph 3 cannot be stricken as the entire deal will fall apart, in which case Chicago Title will have to file a Motion to attempt piercing of the privilege.  See Doc. 56 at ¶8 (discovery motions permitted only after the parties submit letter briefs and a conference occurs); see also LRCiv. 16.1(f) (requiring conferences prior to formal motions being filed).

## II.  THE DEPOSITIONS SHOULD NOT BE POSTPONED

### A.  Dare Has Produced All Discovery Requested Including 144 Separate Privileged Files That Were Disclosed Prior to Chicago Title's Renege

Dare Investments has produced all documents that have been requested of it including the privileged documents.   Even before Chicago Title reneged and after the 12-19-11 Discovery Conference, Dare produced several thousand documents (144 separate files) to Chicago Title in reliance that the latter would not later renege.  See Exhibit 1 (Plaintiff's counsel's 12-23-11 correspondence disclosing 144 files of documents).

The only documents that Dare has not produced will be coming from LeClair Ryan and Jones Waldo law firms, and these documents have not been produced because of Chicago Title's renege on our agreement.   By reneging, Chicago Title has now created the situation in which they sit.

### B.  Chicago Title Has Not Shown Why They Need the Documents From the Law Firms In Order to Defend the Depositions

Chicago Title argues that "Dare's communications with its counsel prior to August 14, 2007 are critically important to Chicago Title's preparation for these depositions." Chicago Title does not disclose why they are "critically important" nor do they advise the Court that it has already received the lion's share of these documents from Dare on December 23, 2011.  Exhibit 1, *supra*.  In fact, Mr. Duval, whose 1-9-12 deposition Chicago Title seeks to vacate, had fully complied with the subpoena issued on him by Chicago Title, and Chicago Title has all documents relevant to his deposition. Mr. Cohn, who acted as the agent for Chicago Title and whose entire file is in the hands of Chicago Title, is also ready to be deposed. Chicago Title itself presumably has the documents it relied upon in denying coverage. There is currently no need to postpone <u>any</u> of the depositions.

### C.  Chicago Title Points To No Authority That Would Permit the Postponement of Depositions Due to Alleged Non-Disclosure or a Pending Motion to Disqualify

Rule 30(a), Federal Rules of Civil Procedure states in whole:

    (a) When a Deposition May Be Taken.

        1) *Without leave*.  A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).  The deponent's attendance may be compelled by subpoena under Rule 45.
        2) *With leave*.  A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) If the parties have not stipulated to the deposition and:

    i.   The deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;

    ii.   The deponent has already been deposed in the case; or

    iii.   The party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time

(B) If the deponent is confined in prison.

Indeed, leave must only be obtained from the Court to conduct a deposition pursuant to Rule 30 if the parties do not stipulate to the deposition and the deposition would result in more than 10 depositions, the party has already been deposed, or the deposition is scheduled for prior to the Scheduling Conference. While it is apparent Chicago Title now no longer agrees to the taking of these depositions, it is also apparent that no other factor requiring leave of the court is present. Leave does not have to be obtained due to a pending Motion to Disqualify or due to alleged non-disclosure.

### III. <u>CONCLUSION</u>

The Scheduling Order permits a responsive brief letter and discovery conference before formal Motions can be filed on discovery issues. Doc. 56 at ¶8. Plaintiff will gladly participate in a discovery conference. However, counsel for Dare are unavailable the remainder of this week. Plaintiff respectfully requests the Court respect counsels' schedules on this hurried, eleventh hour issue.

Furthermore, although Dare is willing to participate in conference, it is currently inclined to require a complete, unhurried Motion briefing on these issues if mutual, recorded resolution cannot occur at conference. LRCiv. 16.1(f) (discovery conferences precede any formal motion).

Very Truly Yours,                     Very Truly Yours,

                                        */s/ Christopher Humphrey*

Peter Kristofer Strojnik             Christopher Humphrey

CC: Mike O'Donnell
Derick Freijomil
Via e-mail and ECF