**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.  ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |

**Not for Publication**

**LETTER ORDER**

January 5, 2012

**VIA CM/ECF**

    Re:    **Dare Investments, LLC v. Chicago Title Investment Company**
             **Civil Action No. 10-6088 (DRD)**

Dear Counsel:

    This matter originally came before the Court by way of Defendant's December 13, 2011 correspondence (Docket Number ("Doc. No.") 64.)  The Court conducted a telephone status conference on December 19, 2011.  During the telephone status conference, the Court advised counsel to submit a joint proposed form of consent order regarding Plaintiff's waiver of privilege as to certain documents disclosed to a third-party.  However, counsel disagree regarding the specific language to be included in the order.  Counsel set forth their dispute regarding the proposed language and raised other discovery-related issues by way of correspondence dated December 26, 2011 (Doc. No. 69), December 27, 2011 (Doc. No. 70), December 29, 2011 (Doc. No. 71), December 30, 2011 (Doc. No. 72), and January 4, 2012 (Doc. Nos. 75, 77 and 78).  In the January 4, 2012 correspondence, Plaintiff's counsel stated, "Plaintiff will gladly participate in a discovery conference. However, counsel for Dare are unavailable the remainder of this week."  Therefore, the Court will decide the current issues based on the papers submitted.

    1.    **January 9, 2012 Deposition**

    The Court finds it reasonable to adjourn the upcoming deposition based on the current discovery disputes.  If necessary and appropriate, the Court will consider a further fact discovery extension after the pending disputes have been resolved.

2. **Dare's Alleged Voluntary Disclosure of Privileged Communications to a Third-Party**

It was the Court's understanding that counsel reached an agreement regarding Plaintiff's voluntary waiver of the attorney-client privilege for a number of documents. However, the correspondence from counsel makes clear that counsel are not able to agree to language for inclusion in a consent order.

The Undersigned considers all discovery requests based on the standards for discovery embodied in the Federal Rules of Civil Procedure, the District Court of New Jersey's Local Civil Rules and relevant Third Circuit case law. The Court noted during the December 19, 2011 telephone status conference that Defendant could not agree to the admissibility of discovery it had not even received and reviewed. The Court is not inclined to insert itself in a similar dispute regarding relevancy in discovery as opposed to relevancy at trial.

As counsel can not reach an agreement, the Court will simply provide the Parties an opportunity to brief the underlying issue in dispute. In order to expedite the matter, the Court will treat Defendant's December 13, 2011 correspondence as its application to compel and for reasonable costs and fees associated with the application. Therefore, for good cause shown, the Court **ORDERS**:

   a. Plaintiff must file its opposition to Defendant's application by **January 13, 2012**. Plaintiff must attach a privilege log to its opposition papers.

   b. Defendant must file its reply brief by **January 20, 2012**.

3. **Defendant's Alleged Discovery Deficiencies**

Plaintiff's December 26, 2011 correspondence requests the Court to compel Defendant to respond to Plaintiff's Requests for Production of Documents ("RFP's") dated August 24, 2011. According to Plaintiff, Defendant did not provide responsive documents to RFP's 1 through 17, did not provide a privilege log and failed to produce certain e-mail messages. In addition, Plaintiff's correspondence asserts that "we need to discuss the disclosure of the investigation file." Defendant's December 27, 2011 correspondence notes that Defendant responded to Plaintiff's deficiency notice on December 13, 2011. According to Defendant, it served a privilege log and provided many of the documents Plaintiff claims were not produced.

In light of Defendant's December 13, 2011 correspondence and for good cause shown, the Court **ORDERS**:

   Counsel shall meet and confer regarding any further alleged deficiencies. Counsel shall e-file a joint status letter by **January 13, 2012**. If any dispute remains regarding Defendant's alleged deficiencies, the joint status letter shall individually set forth each item in dispute and provide each party's position regarding the item in dispute.

4. **<u>Other Outstanding Discovery-Related Disputes</u>**

Counsel must meet and confer regarding any other outstanding discovery-related dispute that is not covered above. Counsel must raise any and all outstanding issues in their **January 13, 2012** joint status letter or they will be deemed waived by the Parties.

                                            s/ Michael A. Shipp
                                        **HONORABLE MICHAEL A. SHIPP**
                                        **UNITED STATES MAGISTRATE JUDGE**