|  |  |
|---|---|
| DARE INVESTMENTS, LLC, a Utah limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer; HORIZON TITLE AGENCY, Inc., a New Jersey domiciled company; CHICAGO TITLE RICO ENTERPRISE, a racketeering enterprise,<br><br>            Defendants. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 2:10-cv-06088-DRD-MAS<br><br>**PETER KRISTOFER STROJNIK'S CERTIFICATION IN SUPPORT OF FILING DOCS. 78-79 UNDER SEAL** |

Pursuant to the Clerk's Quality Control Message dated January 4, 2012, Peter Kristofer Strojnik hereby certifies as follows:

1. I am an adult resident of the State of Arizona. I am competent to testify as to all of the facts set forth herein and will so testify if called upon to do so. I have personal knowledge of the matters set forth herein, based upon my observations and personal participation in the events described below.

2. I am an attorney at law admitted to practice before all federal and state courts in the States of California and Arizona, and I am specially admitted to practice in this Court as counsel of record for Plaintiff Dare Investments LLC in the matter above styled.

3. On December 21, 2011, counsel for Defendant Chicago Title Insurance Company ("Chicago Title"), Michael R. O'Donnell, Esq., filed a Motion to Disqualify Counsel and Revoke the undersigned's *pro hac vice* admission pursuant to LRCiv. 104.1 et seq. See

Doc. 67-1 at 15 ("Local Civil rule 104.1(d) permits this Court to sanction and suspend an attorney from practicing before it for misconduct…").

4. On January 4, 2012, the undersigned researched and drafted a Response in Opposition, which included eleven exhibits. This Response was filed on January 3, 2012 (Doc. 73), but in error counsel inadvertently failed to include Exhibit 11 to the filing.

5. The Response in Opposition (Doc. 73) was filed under seal because it responds to charges of alleged ethical misconduct that were brought pursuant to LRCiv. 104.1 et seq., and all charges and papers relating to LRCiv. 104.1 submissions must be sealed. See LRCiv. 104.1(e)(3) ("all…papers filed in the matter shall be placed under seal and shall remain under seal unless and until an order to show cause and complaint are issued under L.Civ.R. 104.1(e)(7)").

6. After counsel realized Exhibit 11 had inadvertently not been included with the sealed Doc. 73 filing, counsel submitted Exhibit 11 under seal. (Doc. 79). Since Exhibit 11 (Doc. 79) was supposed to be an Exhibit to the Doc. 73 sealed filing, it should also be sealed.

7. Furthermore, since the Notice of Reinstatement (Doc. 78) is in part the subject of Mr. O'Donnell's original Motion to Disqualify (Doc. 67), then Doc. 78 should also be filed under seal pursuant to LRCiv. 104.1(e)(3).

8. The foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

FURTHER THE DECLARANT SAYETH NAUGHT.

DATED this 6th day of January, 2012.

                                                                */s/ Peter Kristofer Strojnik*
                                                                Peter K. Strojnik