# Exhibit 36

# THE STROJNIK FIRM LLC

### ATTORNEYS AT LAW

ESPLANADE CENTER III, 2415 EAST CAMELBACK ROAD, SUITE 700, PHOENIX, ARIZONA 85016

PHONE: 602.510.9409 | FAX: 602.296.0135 | WEBSITE: WWW.SKPLAW.COM

**December 26. 2011**

The Honorable Michael A. Shipp, U.S.M.J.
United States District Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

**VIA ELECTRONIC FILING**

Re:  <u>Dare Investments LLC v. Chicago Title Insurance Company,</u>
No. 2:10-cv-06088-DRD-MAS

Dear Judge Shipp:

My Firm represents the interests of Plaintiff Dare Investments LLC in the matter above styled.  Please allow this correspondence to serve as Plaintiff's request to compel Defendant Chicago Title Insurance Company to respond to Plaintiff's Request for Production of Documents dated August 24, 2011. The parties have not been successful in resolving the issues raised below.

This matter involves Chicago Title's refusal to honor a Title Policy issued in favor of Dare Investments in the amount of $5,500,000.00. The Court has previously ruled that the exclusionary provisions under which Chicago Title disclaims coverage are ambiguous.  The only remaining issue regarding the Title Policy is Dare's "reasonable expectation" of coverage.  <u>See</u> Doc. 45 at 21 ("*[T]here remains a factual dispute regarding whether denying coverage under Exclusion 3(a) would defy the reasonable expectations of Dare under the title policy*") (emphasis supplied).

On August 24, 2011, Dare's counsel served Chicago Title with Amended Request for Production of Documents.  <u>See</u> Exhibit 1 (*Amended First Request for Production of Documents*).  Chicago Title made several requests for extensions of time to file responses, all of which were granted by Dare Investments. Finally, on October 14, 2011, Chicago Title responded. The <u>Response contained no documents and no substantive responsive information</u>. <u>See</u> Exhibit 2 (*Chicago Title's 24-page list of objections*). Instead, it was replete with standardized cut-and-paste objections completely irrelevant to the individual requests.

12.26.11 to the Honorable Michael A. Shipp | 2
Dare Investments LLC v. Chicago Title Insurance Company
Request to Compel First Set of Request for Production of Documents

Following numerous conversations and attempts to resolve the discovery issue, Chicago Title finally produced documents stamped CTIC 00001-002617 and other non-bates stamped documents. The production of documents is lacking in all of the following respects:

1.  There are no documents responsive to RPD #1:

    **REQUEST TO PRODUCE 1:**
    Please produce the Complete File relative to Chicago Title Insurance Company's business relationship with Horizon Title Agency, including without limitation Horizon Title Agency's authority to initiate, produce and/or issue policies of title.

2.  There are no documents responsive to RPD #2:

    **REQUEST TO PRODUCE 2:**
    Please produce Horizon Title's and Chicago Title's underwriting rules, regulations, guidelines, procedures and/or opinions in effect on the Date of the Policy.

3.  There are no documents responsive to RPD #3:

    **REQUEST TO PRODUCE 3:**
    Please produce all Documents that Horizon Title and/or Chicago Title reviewed on or prior to the Date of Policy regarding the Mortgage.

4.  There are no documents responsive to RPD #4:

    **REQUEST TO PRODUCE 4:**
    Please produce the Complete File relative to the Policy, including all Communications, negotiations, and reserve information.

5.  There are no documents responsive to RPD #5:

    **REQUEST TO PRODUCE 5:**
    Please produce Complete Files, including claims files, relating each Chicago Title policy issued in connection with any property or person involved in the Mocco/Licata Cases.

6.  There are no documents responsive to RPD #6:

    **REQUEST TO PRODUCE 6:**
    Please produce the terms, conditions, covenants, court orders, etc, as set forth in the United States Bankrutcy Court, District of Connecticut, Bridgeport Division Case No. 02-50852 which You claim were the reason for the loss or damage to Dare.

7.  There are no documents responsive to RPD #7:

12.26.11 to the Honorable Michael A. Shipp    3
Dare Investments LLC v. Chicago Title Insurance Company
Request to Compel First Set of Request for Production of Documents

**REQUEST TO PRODUCE 7:**
Please produce the Complete File relative to the investigations and searches referenced in the Invoice dated April 17, 2006 from Horizon Title Agency to Gordon Duval and the "due diligence" referenced in Item 9 of Schedule B1 of the Policy.

8.  There are no documents responsive to RPD #8:

**REQUEST TO PRODUCE 8:**
Please produce the Complete Coverage Investigation File.

9.  There are no documents responsive to RPD #9:

**REQUEST TO PRODUCE 9:**
Please produce each policy of title insurance in which You stated as fact or opinion the amount remaining due on the insured mortgage.

10. There are no documents responsive to RPD #10:

**REQUEST TO PRODUCE 10:**
Please produce the Complete File of Horizon Title's Financial Information for the period of January 1, 2005 through December 31, 2006.

11. There are no documents responsive to RPD #11:

**REQUEST TO PRODUCE 11:**
Please produce all written Communications and Recordings of verbal Communications, by and or between You, Horizon Title Agency, David Cohn, SWJ, Cobra/Ventura and/or any of their employees or agents for the period of January 1, 2005 and the present date.

12. There are no documents responsive to RPD #12:

**REQUEST TO PRODUCE 12:**
Please produce any Communications, agreements, understandings, proposals or negotiations arising out of or in connection with the Mocco/Licata Cases by or between any of the following:  James Licata, Cynthia Licata, William Mournes, Gordon Duval, David Cohn, Dino Cancellieri, Horizon Title, and Chicago Title.

13. There are no documents responsive to RPD #13:

**REQUEST TO PRODUCE 13:**
Please produce any statements, affidavits, declarations, certifications and draft copes thereof and testimony or depositions by any agent of Horizon Title and Chicago Title, including David Cohn and Dino Cancellieri, relative to any Mocco/Licata Cases.

14. There are no documents responsive to RPD #14:

12.26.11 to the Honorable Michael A. Shipp    |  4
Dare Investments LLC v. Chicago Title Insurance Company   |
Request to Compel First Set of Request for Production of Documents  |

> **REQUEST TO PRODUCE 14:**
> Please produce all Recordings and Communications relative to the reserve assigned to Dare Investment's claim under the Policy.

15. There are no documents responsive to RPD #15:

> **REQUEST TO PRODUCE 15:**
> Please produce all Documents disclosed in your Disclosure Statement.

16. There are no documents responsive to RPD #16:

> **REQUEST TO PRODUCE 16:**
> Please produce all Documents reviewed, consulted, or relied upon in preparing Your Answers to Interrogatories.

17. There are no documents responsive to RPD #17:

> **REQUEST TO PRODUCE 17:**
> Please produce all policies of insurance that do or may provide coverage to Chicago Title for Chicago Title's own errors, omissions or acts and the errors, omissions or acts of Horizon Title.

18. The production did not contain a privilege log.

19. The e-mails that were produced clearly indicate that the e-mails were preceded by other e-mails that were not produced.

20. Since the coverage investigation in the 2007 time frame (to be distinguished from trial preparation in 2011, see Rule 26(b)(3)), was conducted by Messrs. O'Donnell and Freijomil, the entire Riker Danzig investigation file prepared prior to the initiation of this lawsuit is discoverable. Messrs. O'Donnell and Freijomil, as the coverage investigators, are witnesses in this matter. Therefore, we need to discuss the disclosure of the investigation file. See MorEquity v. Chicago Title, 2:06-cv-05890-SDW–MCA; Hatco v. WR Grace & Co, 1991, WL 83128 9D.N.J.) (Documents prepared before denial letter are discoverable).

Dare Investments respectfully requests that the Court schedule a time at its convenience to discuss these matters further.

Very Truly Yours,                                    Very Truly Yours,

*/s/ Christopher Humphrey*

Peter Kristofer Strojnik                             Christopher Humphrey

12.26.11 to the Honorable Michael A. Shipp    5
Dare Investments LLC v. Chicago Title Insurance Company
Request to Compel First Set of Request for Production of Documents

CC:

Mike O'Donnell
Derrick Freijomil
Jonathan Sandler
Peter Strojnik
Rick McCloskey
Via e-mail and ECF

# Exhibit 37



**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Michael R. O'Donnell**
Partner

Direct:
t: 973.451.8476
f: 973.451.8669
modonnell@riker.com
Reply to: Morristown

December 27, 2011

**VIA ELECTRONIC FILING**
Hon. Michael A. Shipp, U.S.M.J.
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:   **Dare Investments, LLC v. Chicago Title Ins. Co.**, Case No.: 10-6088

Dear Judge Shipp:

We represent Chicago Title Insurance Company ("Chicago Title") and write in response to the December 26, 2011 submission on behalf of Dare Investments, LLC ("Dare"). Dare's submission is inaccurate and omits pertinent information, including (i) Chicago Title has produced many of the documents Dare claims have not been produced; (ii) Dare's own discovery deficiencies; and (iii) its continued refusal to reschedule a January 9, 2012 deposition in light of the deficiencies in outstanding paper discovery. While Chicago Title joins in requesting a conference call with the Court, it believes it should be to address Dare's outstanding discovery and adjourning the January 9th deposition in light of these discovery issues.

First, Dare fails to attach Chicago Title's response to the claimed discovery deficiencies. Attached hereto as Ex. A is Chicago Title's December 13, 2011 letter addressing the issues Dare now raises with the Court. We expected that in the almost two weeks since that letter Dare would have raised any issues it believed remained unresolved and asked for a meet-and-confer as to them. We have not received any communication from Dare in response to Chicago Title's December 13th letter, except for Dare's instant application, which does not identify even identify the December 13th letter. As can be seen from the December 13th letter, Chicago Title did in fact produce many of the documents Dare represents were not produced. Chicago Title also produced a privilege log, again contrary to Dare's representation. Obviously, Dare's submission to the Court is substantively inaccurate. Since Dare has not identified any issues with Chicago Title's December 13th response letter and attempted to resolve them with Chicago Title, its application to the Court is premature.

Second, attached hereto as Ex. B is Chicago Title's December 22, 2011 letter to Dare raising a number of Dare's outstanding discovery deficiencies. Dare represented that it was producing

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Michael A. Shipp, U.S.M.J.
December 27, 2011
Page 2

additional documents that may moot some of the issues in the December 22nd letter, but Chicago Title has not received them (according to Dare's cover letter, they were sent by ordinary mail on December 23rd). Nonetheless, as can be seen from Chicago Title's December 22nd letter, there are a number of issues that Dare must address in writing as opposed to just producing more documents. For example, Dare must supplement its interrogatories responses, identify whether it is withholding documents based on objections and/or its unilateral attempt to restrict the scope of its production (a highly improper and unheard of tactic), and provide a privilege log. Chicago Title has met its obligations by specifying the deficiencies in Dare's discovery. Dare, at a minimum, is required to respond to the same in writing and may not simply dump additional documents on Chicago Title and require it to decipher whether Dare is correcting its deficiencies, particularly where it is clear that producing documents will not resolve all of the issues. Given Dare's outstanding discovery deficiencies, its submission is improper, and it should be required to respond to Chicago Title's December 22nd letter in writing.

Third, Chicago Title has not received documents that were subpoenaed from Dare's former counsel in light of Dare's waiver of its claim of attorney-client privilege. Chicago Title had subpoenaed those documents from said counsel, but Dare informed them that it was asserting the privilege, so the documents were not produced. We are requesting that the deponents produce the documents in light of Dare's recent waiver of that privilege, but they have not done so (one counsel has indicated that documents will be "ready" for production some time next week, and we are following up with the other counsel). Given the importance of these outstanding documents, as well as Dare's discovery deficiencies as referenced above, Chicago Title has asked Dare on multiple occasions to reschedule the deposition of Gordon Duval, which Dare is seeking to take on January 9, 2012. As this Court stated during its conference call with counsel on November 15, 2011, and repeated recently on December 19, 2011, no depositions are to occur until these paper discovery issues are resolved. Accordingly, we ask the Court to adjourn Mr. Duval's deposition until these issues are resolved.

Thank you for your consideration.

Respectfully,

Michael R. O'Donnell
cc:    All counsel (via ECF)

4188595.4

12/27/2011

# EXHIBIT A

Case 2:10-cv-06088-DRD-PS    Document 83-6    Filed 01/10/12    Page 11 of 24 PageID:
2427
Case 2:10-cv-06088-DRD -MAS   Document 70   Filed 12/27/11   Page 4 of 17 PageID: 2010



**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

A T T O R N E Y S   A T   L A W

**Michael R. O'Donnell**
Partner

Direct:
t: 973.451.8476
f: 973.451.8700
modonnell@riker.com
Reply to: Morristown

December 13, 2011

**VIA EMAIL AND REGULAR MAIL**

Christopher Humphrey, Esq.
Humphrey Law, LLC
43 Lothrop Lane
P.O. Box 608
Cohasset, MA 02025
chumphreylaw@gmail.com

Peter K. Strojnik, Esq.
The Strojnik Firm, LLC
2415 East Camelback Road
Suite 700
Phoenix, Arizona 85016
Strojnik@skplaw.com

Re:  **Dare Investments, LLC v. Chicago Title Insurance Co., et al.,**
      **Case No. 10-6088**

Dear Chris and Peter:

As you know, we represent Chicago Title Insurance Company ("Chicago Title") in the above-matter and write in response to the November 29, 2011 letter submitted on behalf of Dare Investments, LLC ("Dare").  We respond to each of the numbered paragraphs as follows.

1.    You have now received documents in response to Chicago Title's subpoenas produced by: (i) Daniel Shepro and Shepro & Blake; (ii) Elliot Buchman and East Coast Investments; (iii) Gordon Duval and Duval, Haws & Moody; and (iv) three productions by James Scarpone, Esq. and his clients.  These are all of the documents that we have received to date.  As additional documents come in, we will be sure to forward them along to you promptly as we have done in the past.

2.    As to the various categories of documents which Dare claims are missing from Chicago Title's production, Chicago Title responds below.  As an initial matter, Dare's suggestion that Chicago Title has not produced "any" documents requested by Dare is, in a word, wrong.  Chicago Title did produce responsive documents.  Chicago Title stands by its prior responses and supplements the same in response to Dare's specific comments.

    a.-b.   Chicago Title did produce responsive documents to request numbers 1 and 2.  _See_ Chicago Title's written response to these requests and its November 29, 2011 supplemental document production.

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 13, 2011
Page 2

c.-e.    Chicago Title did produce responsive documents to request numbers 3-5.  See Chicago Title's written response to these requests and its November 11, 2011 document production.

f.    Chicago Title stands by its response to request number 6 to which Chicago Title is not required to produce documents for the reasons set forth therein.

g.-h.    Chicago Title did produce responsive documents to request numbers 7-8.  See Chicago Title's written response to these requests and its November 11, 2011 document production.

i.    Chicago Title stands by its response to request number 9 to which Chicago Title is not required to produce documents for the reasons set forth therein.

j.    Chicago Title and Horizon Title Agency ("Horizon") are separate entities.  Chicago Title is not obligated to produce Horizon's financial information.  Chicago Title produced Horizon's underwriting files that Horizon produced to Chicago Title.  See Chicago Title's written response to this request number 10.

k.    Chicago Title did produce responsive documents to request number 11.  See Chicago Title's written response to these requests and its November 11, 2011 document production.

l.    Chicago Title stands by its response to request number 12 to which Chicago Title is not required to produce documents for the reasons set forth therein.

m.    Outside of any sworn statement that may have been filed in or deposition testimony that may have been given in the matter styled Mocco et al. v. Licata et al., consolidated with and filed under Docket No. ESX-C-280-98, New Jersey Superior Court, Chancery Division, Essex County, which Dare can obtain with equal effort and expense to the extent it is entitled to same here, Chicago Title has no further responsive documents to which Dare is entitled. Chicago Title notes that Dare's counsel have been of record in the aforementioned litigation.  Chicago Title further notes that Dare has produced in this action copies of transcripts of the depositions of David Cohn and Robert Narucki taken in the above-litigation, which

4189066.1

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 13, 2011
Page 3

           are the only two responsive depositions taken in the aforementioned litigation of which Chicago Title is aware. <u>See</u> Chicago Title's written response to this request number 13.

  n.    Chicago Title stands by its response to request number 14 to which Chicago Title is not required to produce documents for the reasons set forth therein.

  o.-p.    Chicago Title did produce responsive documents to request numbers 15-16. <u>See</u> Chicago Title's written response to these requests and its November 11, 2011 document production and November 29, 2011 supplemental document production.

  q.    Chicago Title stands by its response to request number 17 to which Chicago Title is not required to produce documents for the reasons set forth therein.

3.    Please see enclosed privilege log.

4.    It is impossible to tell to which emails to which you are referring. Please identify specific emails by bates-numbering, and we will respond accordingly.

5.    Chicago Title disagrees with Dare's self-serving characterization here and notes that Dare's bad faith claim was dismissed with prejudice in this matter. Chicago Title further notes that the documents Dare references here, to the extent they were even requested in Dare's discovery requests, are subject to privilege and protection from disclosure to Dare. Nonetheless, to the extent Dare wishes to discuss this further, we can make ourselves available. Before doing so, we ask that you please provide us with a copy of any decision you are referring to in the matter styled <u>MorEquity v. Chicago Title</u>, Civil Action No. 2:06-cv-05890. We also note that your reference to <u>Hatco Corp. v. W.R. Grace & Co.</u>, 1991 WL 83126 (D.N.J. May 10, 1991), does not support your position here. In fact, <u>Hatco</u> explicitly recognizes that where an insurer's report is prepared in anticipation of litigation, it is privileged and protected from disclosure. <u>Id</u>, at *7. Only those reports in <u>Hatco</u> which did not deal with coverage or liability issues were found to be discoverable. <u>Id</u>, at *6. Chicago Title's claim investigation file as referenced by Dare deals specifically with coverage and liability relating to specific pending and threatened actions. Therefore, under <u>Hatco</u>, such files are privileged. Moreover, as you know, Chicago Title's coverage investigation was conducted at a time where there were numerous

4189066.1

Case 2:10-cv-06088-DRD-PS    Document 83-6    Filed 01/10/12    Page 14 of 24 PageID:
2430
Case 2:10-cv-06088-DRD-MAS   Document 70   Filed 12/27/11   Page 7 of 17 PageID: 2013

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 13, 2011
Page 4

pending and threatened litigations, including those by Dare, and investigation documents as referenced by Dare were created during that time. Therefore, all such documents are privileged and protected from disclosure based upon the attorney-client and work-product privileges. <u>See, e.g., Coregis Ins. Co. v. Law Offices of Carole F. Kafrissen, et al.</u>, 57 Fed. Appx. 58, 60 (3d Cir. 2003) (finding that "disclosure is inappropriate because the documents anticipate coverage litigation and relate primarily to the mental impressions and legal opinions on how to proceed with the coverage litigation."); <u>United Coal Co. v. Powell Constr. Co.</u>, 839 F.2d 958, 966 (3d Cir. 1988) ("Counsel for an insurer may invoke work product protection in favor of documents prepared by it in anticipation of litigation.").

6.-7. Dare's statements here are factually and substantively incorrect. In addition, as to Mr. Galante, Dare provides no basis for its statement that his deposition should be quashed. Moreover, Dare raises no basis of its own for Dare to seek to quash the depositions of Messrs. Williams and Galante, who are more than capable of making any such motion to the extent appropriate. Nevertheless, we refer you to our letter dated, December 2, 2011, sent to Paul Drobbin addressing these depositions on which you were copied.

8.-9. Dare already has in its possession, custody, or control all the documents produced by its prior counsel on its behalf during the coverage investigation. Chicago Title is not required to incur the time and expense to reproduce to Dare its own documents, which request is vexatious and harassing. Nonetheless, Chicago Title will provide Dare with copies of the bates-stamped documents it previously produced to Chicago Title.

10. To the extent Dare is entitled to any such documents, Chicago Title has already produced them. <u>See</u> Chicago Title's written response to the document requests and its November 11, 2011 document production and November 29, 2011 supplemental document production.

4189066.1

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 13, 2011
Page 5


11.   As ruled by Judge Shipp in this matter, the parties need to resolve all
      discovery disputes before depositions are to move forward.  Once they are
      resolved, we will confirm dates for depositions.

Sincerely,

Michael R. O'Donnell

Enclosure
cc:  Peter Strojnik, Esq. (via email)

4189066.1

CHICAGO TITLE INSURANCE COMPANY'S PRIVILEGE LOG IN THE MATTER STYLED D.ARE INVESTMENTS, LLC V. CHICAGO TITLE INSURANCE COMPANY, CASE NO.: 10-6088

| LEGEND OF PROTECTIONS/PRIVILEGES | |
|---|---|
| AC | Attorney Client |
| WP | Work Product |
| JD/CI | Joint Defense/Common Interest |
| IOH | Irrelevant/Over-Broad/Harassing |
| NR | Not Responsive to Demands |
| SC | Confidential Settlement Communications, Agreement and/or Mediation |

The log is not intended to and shall not function as an exhaustive list of all the privileges and protections being asserted by Chicago Title Insurance Company ("Chicago Title"). The identification of a privilege or protection in relation to any document identified in this log shall not be deemed a waiver of Chicago Title's right to claim any not yet identified privilege or protection and to provide an amended privilege log reflecting such changes. Chicago Title reserves the right to supplement or modify this log to assert additional applicable privileges and protections.

1

4189198.2

**CHICAGO TITLE INSURANCE COMPANY'S PRIVILEGE LOG IN THE MATTER STYLED DARE INVESTMENTS, LLC V. CHICAGO TITLE INSURANCE COMPANY, CASE NO.: 10-6088**

| Date | Bates Range | From/Author | To/Recipient(s) | Document Type/Description | Protection/Privilege |
|---|---|---|---|---|---|
| May 21, 2007 | CTIC 002656-002657 | Michael R. O'Donnell, Esq. | Frank Careri, Esq. | Letter w/ attachment re: potential litigation | IOH/AC/D/CI |
| December 4, 2006 | CTIC 002658-002659 | Fidelity National Financial | Fidelity National Financial | Proprietary Internal Information Sheet re: Horizon Title | IOH/NR |
| December 4, 2007 | CTIC 002660-002662 | Fidelity National Financial | Fidelity National Financial | Proprietary Internal Information Sheet re: Horizon Title | IOH/NR |
| December 17, 2003 | CTIC 002663-002664 | Fidelity National Financial | Fidelity National Financial | Proprietary Internal Information Sheet re: Horizon Title | IOH/NR |
| February 23, 2004 | CTIC 002665 | Steven Day | Wanda Custer / Steven Johnson | E-Mail chain re: Horizon Title's premium split | IOH/NR |
| November 2, 2000 | CTIC 002666-002667 | Steven K. Johnson | Steven G. Day | Inter-Office Correspondence re: Appointment Recommendation for Horizon Title | IOH/NR |
| November 2, 2000 | CTIC 002668 | Steven K. Johnson | Steven G. Day | Inter-Office Correspondence re: Horizon Title trust account information | IOH/NR |
| November 2, 2000 | CTIC 002669 | Steven K. Johnson | Leon Gold | Inter-Office Correspondence re: Horizon Title Agency New Agent Package | IOH/NR |
| November 3, 2000 | CTIC 002670-002671 | Fidelity National Financial | Fidelity National Financial | Agency Application Checklist for Horizon Title | IOH/NR |
| Various | N/A | Riker Danzig/Chicago Title | Riker Danzig/Chicago Title | Various Attorney/Client Communications and Work Product | IOH/AC/WP/NR |
| Various | N/A | Riker Danzig | Riker Danzig | Various Internal Riker Danzig Communications and Work Product | IOH/AC/WP/NR |

4189198.2

## CHICAGO TITLE INSURANCE COMPANY'S PRIVILEGE LOG IN THE MATTER STYLED D.A.R.E. INVESTMENTS, LLC V. CHICAGO TITLE INSURANCE COMPANY, CASE NO.: 10-6088

| Date/Date Range | Date Range | From/Author | To/Recipient(s) | Document Type/Description | Protection/Privilege |
|---|---|---|---|---|---|
| Various – Prior to April 25, 2007 | N/A | Riker Danzig/Horizon Title | Riker Danzig/Horizon Title | Various Communications between Riker Danzig and Horizon Title regarding pending and/or anticipated litigation | IOH/AC/ID/CI/AR/WP |
| Various – Between August 15, 2007 and November 1, 2010 | N/A | Riker Danzig/Horizon Title | Riker Danzig/Horizon Title | Various Communications between Riker Danzig and Horizon Title regarding pending and/or anticipated litigation | IOH/AC/ID/CI/AR/WP |
| Various – After November 16, 2010 | N/A | Riker Danzig/Horizon Title | Riker Danzig/Horizon Title | Various Communications between Riker Danzig and Horizon Title regarding pending and/or anticipated litigation | IOH/AC/ID/CI/AR/WP |

3

4189198.2

# EXHIBIT B



**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

**Michael R. O'Donnell**
Partner

<u>Direct:</u>
t: 973.451.8476
f: 973.451.8700
modonnell@riker.com
Reply to: Morristown

ATTORNEYS AT LAW

December 22, 2011

**VIA EMAIL AND REGULAR MAIL**
Christopher Humphrey, Esq.
Humphrey Law, LLC
43 Lothrop Lane
P.O. Box 608
Cohasset, MA 02025
chumphreylaw@gmail.com

Peter K. Strojnik, Esq.
The Strojnik Firm, LLC
2415 East Camelback Road
Suite 700
Phoenix, Arizona 85016
Strojnik@skplaw.com

Re: <u>Dare Investments, LLC v. Chicago Title Insurance Co., et al.,</u>
     Case No. 10-6088

Dear Chris and Peter:

As you know, we represent Chicago Title Insurance Company ("Chicago Title") in the above-matter and write with regard to certain deficiencies in the responses of Dare Investments, LLC ("Dare") to the interrogatories and document requests Chicago Title propounded on it. Please accept this letter in an effort by Chicago Title to resolve these issues prior to motion practice or application to the Court. Please provide the supplemental responses and documents to the following items by <u>December 28, 2011</u>.

1.  Given that Dare now agrees that any privilege or protection that may be afforded to its communications with its counsel (including but not limited to the law firms of Jones Waldo and LeClair Ryan, formerly known as St. John & Wayne and Seiden Wayne) prior to August 14, 2007, has been waived, please provide supplemental responses to interrogatories for which information was withheld on this ground, including but not limited to providing supplemental responses to Interrogatory Numbers 5, 15-16, and 18-22, and produce any documents withheld on this ground.

2.  In its November 11 and 17, 2011 production letters, Dare stated: "We have previously agreed to provide you with all non-privileged documentation relating to (1) SWJ funding and the Asset Purchase Agreement, (2) Dare's loans from Gary Clark and Clark Real Estate, and (3) coverage. In other words, we agreed to provide you with everything except privileged information." Chicago Title objects to this response for two reasons. First, these are not the only topics at issue and, more importantly, are not the only

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Case 2:10-cv-06088-DRD-PS    Document 83-6    Filed 01/10/12    Page 21 of 24 PageID:
Case 2:10-cv-06088-DRD -MAS   Document 70   Filed 12/27/11   Page 14 of 17 PageID: 2020
2437

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 22, 2011
Page 2

subjects for which information and documents were requested in the
discovery Chicago Title propounded on Dare. Such a unilateral attempt by
Dare to restrict its production obligations is improper and not permitted.
Second, Dare has not produced a privilege log in this matter. Both of these
issues were raised with Dare in our November 15, 2011 letter, to which we
have not received a response. Accordingly, please state whether Dare is
withholding any information and/or documents requested by Chicago Title in
its interrogatories and document requests and, to the extent it is, identify all
such information and documents and the basis for withholding each, including
providing a privilege log for all documents withheld.

3. In its October 21, 2011 responses to Chicago Title's interrogatories and
document requests, Dare appears to trying to unilaterally limit its responses
to what it claims is the one issue remaining in this cases – that is, Dare's
"'reasonable expectation' of coverage in light of the ambiguity within the
Policy." Not only is this improper for the same reasons set forth above, but
the Court has now ruled that the doctrine of reasonable expectations is not
applicable here. Accordingly, please state whether Dare is withholding on this
ground any information and/or documents requested by Chicago Title in its
interrogatories and document requests and, to the extent it is, identify all
such information and documents and the basis for withholding each, including
providing a privilege log for all documents withheld.

4. None of the documents Dare produced in this matter appears to have come
from Dare's files. Dare is required to produce documents in its possession,
custody, and control, which includes documents in Dare's files, as well as
documents of its principal, Richard McCloskey, and its counsel. By way of
example, and not limitation, Dare has failed to produce any of the
communications that Mr. McCloskey had with Peter Mocco in 2009 or that
Peter Strojnik had with Mr. Mocco's counsel, James Scarpone (at least some
of these types of communications were produced by Mr. Mocco in response
to a subpoena from Chicago Title). Thus, please produce all responsive
documents in Dare's possession, custody, and control, including but not
limited to those in Dare's files and in Messrs. McCloskey's and Strojnik's files,
such as their communications with Messrs. Mocco and Scarpone. With regard
to the communications with Messrs. Mocco and Scarpone, if Dare no longer
possesses any such communications, please further indicate when that
occurred, how it occurred, and where such communications or copies thereof
may be located.

5. In its November 11, 2011 letter, Dare stated: "There are approximately
5,500 e-mails that have been identified. Non-privileged e-mails will be

4192722.1

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 22, 2011
Page 3

produced to you seasonably." By letter dated November 15, 2011, Chicago Title objected to Dare's failure to produce all these emails by the November 11, 2011 due date and to identify any withheld on a privilege log. After not receiving a response, on December 9, 2011, Chicago Title again requested production of the approximately 5,500 emails, to which Peter K. Strojnik responded: "Those documents will be coming from George Pratt. You will most like receive before we do." Such a response is improper. The discovery requests were made to Dare, and it is Dare's obligation to produce the emails. Please produce all those emails and identify on a privilege log any emails withheld.

6. In its November 11, 2011 letter, Dare also stated: "We continue searching for additional documents that may have any relevance to the remaining issue in this case." Chicago Title raised this matter in its November 15, 2011 letter to Dare. Please produce all such documents or confirm that none exists.

7. In its amended complaint, Dare seeks as alleged damages "for the costs of defense (including attorney's fees pursuant to NJ Statutes and R. 4:42-9(a)(6)), loss of time, [and] loss of business[.]" Dare is required in its Rule 26 disclosures to provide a "computation of each category of damages" and to make available for inspection and copying "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Please provide the same for each of these three categories of damages Dare is claiming.

8. Certain documents in Dare's production are missing the following pages, which are hereby requested:

   a. In the documents referred to as "Relating to Clark" in the file titled "07-26-07 Mugleston to Clark re Subordination" several pages of the subordination agreement are missing. Please provide the same.

   b. In the "Documents Sent to Buckman," the files entitled "Title-Timeline" and "Trustees Authorization to Conduction Auction" contain only copies of the first page of these documents. Please provide complete copies.

   c. In Files 1, 23, and 25 of "Scans 2" various pages from the emails are missing. Please provide complete copies of these emails.

   d. File "Scan_Document_46" contains numerous documents which are bates stamped with the moniker "LAMI" followed by a number and are

4192722.1

Case 2:10-cv-06088-DRD-PS    Document 83-6    Filed 01/10/12    Page 23 of 24 PageID:
Case 2:10-cv-06088-DRD -MAS . Document 70 . Filed 12/27/11 . Page 16 of 17 PageID: 2022
2439

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 22, 2011
Page 4

        designated as "Attorney's Eyes Only." Please advise as to what litigation or proceeding these documents pertain and identify any applicable protective or confidentiality order for which the "Attorney's Eyes Only" designation was made.

9. Since at least September 28, 2011, Dare has agreed to produce Items 13 and 18-28 identified in its Initial Disclosures. While it appears that Items 18-21 and 23-26 may have been included in Dare's document productions, Chicago Title cannot know for sure if these are the same documents referenced by Dare in its Initial Disclosures. Moreover, we were unable to locate Items 13, 22 and 27. Since Dare's documents are not bates-stamped, please produce these documents in a manner that identifies which Item number each is.

10. Dare's attempt to invoke the option to produce business records pursuant to Fed. R. Civ. Pr. 33(d) in response to Interrogatory Numbers 2-4, 6-10, 17-22, and 25 is improper for a number of reasons. First, these interrogatories seek first-hand knowledge possessed by Dare, which cannot be determined by simply "examining, auditing, compiling, abstracting, or summarizing [Dare's] business records." Dare is improperly invoking the business records reference in an effort to avoid its discovery obligations and answer the questions asked. Second, to the extent reference to Dare's business records could be a proper response to any of these interrogatories, Dare fails to "specify[] the records that must be reviewed, in sufficient detail to enable [Chicago Title] to locate and identify them as readily as [Dare] could." Accordingly, please provide the requested first-hand knowledge and, to the extent appropriate, specify Dare's business records that Dare claims are responsive as to each interrogatory.

11. As to Dare's response of "None" to Interrogatory Number 1, please confirm whether Dare is answering that there are no policies or procedures or is refusing to provide an answer.

12. In response to Dare's claim that it "does not understand [Interrogatory Numbers 8-10 and 17] sufficiently to object to it or answer it[,]" Chicago Title explains that these interrogatories are asking Dare to identify (as the term is defined) all communication and documents regarding such communications that Dare or anyone acting on its behalf (as defined, which includes its counsel) had with certain persons and/or entities or with anyone acting on their behalf regarding any of the matters or issues listed thereafter. Please supplement Dare's response accordingly.

4192722.1

Christopher Humphrey, Esq.
Peter K. Strojnik, Esq.
December 22, 2011
Page 5

13. Dare fails to identify the communications and the documents regarding such communications that Dare had regarding the matters identified in Interrogatory Numbers 11-14. Instead, Dare responds that Mr. McCloskey "recalls specific discussions regarding the purpose of the Policy: To provide coverage over Mocco/Scarpone claims and to assure Dare Investments that the amount still due on the mortgage was $15,000,000." Such a response is completely deficient in that it fails to identify with detail (a) the requested communications, including without limitation the date of each communication, the parties involved in each communication, and the substance of each communication, and (b) the documents regarding such communications. Please supplement the responses to these interrogatories accordingly.

14. In response to Document Demand Numbers 5-11, 13-34, 42-47, 49-50, 54-83 and 85-89, Dare states that "Dare Investments has informally indicated to Chicago Title, through counsel, that Dare Investments will produce its file, minus privileged matters, to Chicago Title." Dare is required to do more than "informally" indicate that it will produce "its file, minus privileged matters[.]" Dare is required to either produce or identify on a privilege log all responsive documents in its possession, custody, and control. Please confirm that this has been done.

15. As to Document Demand Numbers 35-41, Dare states that it will produce non-privileged documents responsive to this request "seasonably." Please confirm that Dare has produced or identified on a privilege log all responsive documents in its possession, custody, and control.

16. Regarding Document Demand Number 53, it is Dare's burden to produce all documents in its possession regarding "all negotiations, discussions, contracts, and or agreements, settlement or otherwise, with Chicago Title." Obviously, Chicago Title would not have in its possession Dare's "drafts," "memoranda, notes, letter, and/or emails" regarding any such documents as called for by the request. Please produce all such documents.

Your prompt attention to all of these outstanding issues is appreciated. We are, of course, available to meet and confer on any of these matters.

Very truly yours,

Michael R. O'Donnell

cc: Peter Strojnik, Esq. (via email)
4192722.1