| | | |
|---|---|---|
| Peter Strojnik<br>**STROJNIK, P.C.**<br>Arizona Bar No 006464<br>Direct Dial: 602-524-6602 | <br>## STROJNIK, P.C.<br>L A W Y E R S | Peter K. Strojnik<br>**THE STROJNIK FIRM, LLC**<br>Arizona Bar No 026082<br>California Bar No 242728<br>Of Counsel |

January 13, 2012

Honorable Michael A. Shipp
Magistrate Judge of the United States District Court
United States District Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 97102
**BY ECF FILING**

    Re:   *Dare Investments, LLC v. Chicago Title*
             NO. 2:10-cv-06088-DRD-MAS

Dear Judge Shipp:

We represent Plaintiff Dare Investments in the above captioned cause. We write this letter in response to Chicago Title's request to pierce the attorney-client privilege in this matter.

As Your Honor is aware, Dare Investments waived the attorney client privilege by letter dated December 2, 2011. Subsequently, Chicago Title filed a motion to compel the piercing of the attorney-client privilege. We were quite surprised at this action since the waiver had already been agreed upon. Therefore, we presented the Court with a [Proposed] Order in which we specifically and carefully restated Chicago Title's precise request based on Chicago Title's own language that the attorney communications are both "relevant and material". Doc. 64 at 5. Again, Chicago Title objected, this time to its own language.

We believe that Chicago Title is consciously and intentionally creating conflicts and a letter writing campaign in order to unnecessarily increase the costs of this litigation and unjustly delay its resolution. Dare Investments previously provided to Chicago Title all documentation, including attorney-client privileged communications, without any conditions or stipulations.

At this point, Dare Investments believes that no matter how clear and how precise the waiver is, Chicago Title will continue with its campaign of harassment and delay.

Therefore, for the sole purpose of moving this case along and to avoid further and future delaying campaigns by Chicago Title, Dare released Mr. O'Donnell and Chicago Title from their own stipulation and agreed to waive the attorney-client unconditionally. We instructed Messrs. Pratt and Williams, Dare's former attorneys, to provide all information to Chicago Title that had been previously subpoenaed. I attach to this letter a copy of the January 11, 2012 letter laying out the case and <u>again</u> waiving the privilege (without attachments). Also attached a letter and the privilege log provided by Dare's former attorneys. There is no privilege log for Dare Investments because Dare produced the entirety of its file, including privileged documents.

Dare is, frankly, at its wits end. Dare sees no good faith reason for Chicago Title's continuing and relentless disagreeability. As more fully stated in the upcoming Joint Status Report, Dare has bent backwards to satisfy each and every whim of Chicago Title, no matter how obscure and no matter how unnecessary. On the other hand, Chicago Title has steadfastly refused to provide the entirety of the Horizon Title file (which has been seized by Chicago Title's attorneys Riker Danzig) and it has refused to provide documentation directly relevant to the two remaining issues in this case: Coverage of Mocco Claims and Chicago Title's alleged claim that Dare failed to cooperate with its claim investigation. This matter, too, is further addressed in the Joint Status Report.

Dare seeks this Court's guidance. Dare has produced all documents even marginally connected with this litigation. Chicago Title has the entirety of the FCCG Bankruptcy File, the entirety of the SWJ Asset Purchase Agreement, the entirety of the Dare-SWJ Loan documents.

This continuing harassment must stop. Dare respectfully hopes this Court recognizes Chicago Title's unconscionable abuse of the discovery process and addresses it accordingly.

    RESPECTFULLY SUBMITTED this 13th day of January, 2012.

                                  STROJNIK, P.C.
                                  /s/

                                  _____
                                  Peter Strojnik, Esq.
                                  Attorney for Plaintiff

CC:
PKS *by e-mail only*
Chris Humphrey *by e-mail only*
Rick Dare McCloskey *by e-mail only*

Paul Drobbin *by e-mail only*
George Pratt *by e-mail only*
Attachments as indicated.