# LeClairRyan

January 6, 2012

**VIA E-MAIL AND REGULAR MAIL**

Derrick R. Frejomil, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962-1981

      RE: <u>Dare Investments, LLC v. Chicago Title Ins. Co. and Horizon Title Agency, Inc.
Docket No. 10-6088</u>

Dear Mr. Frejomil:

    This correspondence responds to your December 2, 2011 and January 3, 2012 correspondence regarding LeClairRyan's document and witness production. First and foremost, I reiterate that in 2007, and now again in 2011 and 2012, we spent considerable time, effort and expense responding to your document requests for the Dare Investments, LLC ("Dare") matter, a matter to which we are a non-party. Those efforts, which covered both pre- and post-closing documents, included:

    1. A 2007 multi-attorney review of our files;

    2. The 2007 production of documents bates-stamped DI000001-3547;[1]

    3. Opening our files, on July 16, 2007, to your firm's inspection;

    4. An October/November 2011 reconstruction of our 2007 document production;

    5. An October/November 2011 second review of our files; and

    6. A December 2011 third review of our files.

---

[1] The correct range of bates-stamped numbers is DI000001-35**4**7, rather than DI000001-35**6**7.

9279120
Direct Phone: 973.491.3526
Email: paul.drobbin@leclairryan.com

One Riverfront Plaza, 1037 Raymond Boulevard, Sixteenth Floor
Newark, New Jersey 07102
Phone: 973.491.3600 \ Fax: 973.491.3555

CALIFORNIA \ CONNECTICUT \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ VIRGINIA \ WASHINGTON, D.C.

Paul D. Drobbin \ Attorney in Charge, Newark Office \ LeClairRyan is a Virginia Professional Corporation

ATTORNEYS AT LAW \ WWW.LECLAIRRYAN.COM

Derrick R. Frejomil, Esq.
January 6, 2012
Page 2

      Regarding the privileged documents, as set forth in 2007 and again on November 15, 2011, the only documents withheld for privilege were DI002568-2602, DI002610-11, DI002614-42 and DI002644-48, and after additional review of these documents we still deemed them privileged and not subject to production. However, to assuage your concerns, I dedicated a paralegal and Associate to develop a more detailed privilege log for those documents ("Log"). See Log, enclosed herein. Subsequent to developing the Log, I received, from Dare counsel and you, multiple and conflicting communications regarding whether Dare has in fact waived its attorney-client privilege.[2] Accordingly, I cannot produce any attorney-client privileged documents unless and until such time as I receive a signed Court Order regarding the issue.[3]

      Similarly, and then subject to that Order, we will produce Mr. Galante for deposition in our Newark office at a mutually convenient time, and at a rate of $250.00 per hour for his time involved in the deposition process.[4] Regarding Mr. Williams' deposition, Mr. Williams is in the hospital and I am unaware of the date when he will be getting out. Feel free to call me regarding the scheduling of the depositions.

      Finally, in my November 15, 2011 correspondence to you I assured you that we searched for any additional files and documents, uncovered no additional documents responsive to the Subpoena, produced all non-privileged documents, and were in good faith compliance with the Subpoena. Nonetheless, yet again, you ask us to review our files and assure you of our compliance with the Subpoena. I stand by my prior correspondence to you on the matter and view your continued pursuit of the issue a violation of Rule 45(c)(1) of the Federal Rules of Civil Procedure. Moreover, in the future, do not "presume [I] have no objection" regarding your positions on issues related to LeClairRyan rights and its ethical duties owed to a former client.

Very truly yours,

Rahl D. Drobbin

Encl.
cc:    Peter K. Strojnik, Esq. (via e-mail)

---

[2] E.g., compare Dare's Counsel letter of January 4, 2012, addressed to me and Dare's December 30, 2011 Response in Opposition to Doc. 71, with your letter of January 3, 2012, addressed to me.

[3] By "Court Order" I refer to a documented Court decision regarding the correspondence you filed with the Court on December 29, 2011 ("Doc. 71"), Dare's December 30, 2011 Response in Opposition to Doc. 71, and all other filings on the issue of waiver of the attorney-client privilege.

[4] Mr. Galante is on vacation until January 20, 2012. Thereafter, I will endeavor to obtain dates from Mr. Galante.

9279120